Exhibit A

Plaintiffs' First Amended Petition in State Court Action
with copy of service by certified mail.

Legally Under Oath Service
PO Box 27353
Houston TX 77227-7353

0011077151000011
1001 Preston st
Ste 911
Houston TX 77002
USA

**RECEIVED**

**FEB 2 4 2025**

HARRIS COUNTY JUDGE
LINA HIDALGO



USPS CERTIFIED MAIL

9214 8901 4298 0413 7088 77

CAUSE NO. 202459950
RECEIPT NO. 1020251          0.00    NTA
                                     TR # 24133437

PLAINTIFF: PARKER, LENISHA JAMRA
vs.
DEFENDANT: PRICE, DANIEL

In The 215th
Judicial District Court
of Harris County, Texas
215TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY BY SERVING ITS COUNTY JUDGE LINDA HIDALGO
1001 PRESTON STREET SUITE 911   HOUSTON TX 77002
Attached is a copy of PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

This instrument was filed on the 27th day of January, 2025, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

This citation was issued on 30th day of January, 2025, under my hand and seal of said Court.



Issued at request of:
LEWIS, U A
PO BOX 27353
HOUSTON, TX 77227
Tel: (713) 570-6555
Bar No.: 24076511

Marilyn Burgess

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA   OLW//12765265

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___ M., on the _____ day of _____, _____

Executed at (address) _____ in

_____ County at _____ o'clock ___ M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the
_____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____

FEE- $ _____

_____ of _____ County, Texas

                                           By _____
_____                     Deputy
Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____

                                           _____
                                           Notary Public

*744334437*

CAUSE NO. 202459957
RECEIPT NO. 1020251      0.00     HTA
..........                        TR # 74493137

PLAINTIFF: PARKER, LESIGHA JANEA
       vs.
DEFENDANT: PRICE, DANIEL

In The  215th
Judicial District Court
of Harris County, Texas
215TH DISTRICT COURT
Houston, TX

## CITATION

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY BY SERVING ITS COUNTY JUDGE LINDA HIDALGO
    1001 PRESTON STREET SUITE 911   HOUSTON TX 77002
    Attached is a copy of PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

This instrument was filed on the 27th day of January, 2025, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

This citation was issued on 30th day of January, 2025, under my hand and seal of said Court.



Issued at request of:
LEWIS, U A
PO BOX 27353
HOUSTON, TX. 77227
Tel: (713) 570-6555
Bar No.: 24070511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA   UDX//12765365

---

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the
_____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE $ _____

_____ of _____ County, Texas

By _____
_____              Deputy
       Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____

_____
Notary Public

Cause No: 202459952

| | | |
|---|---|---|
| LENISHA J PARKER, *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| V. | § § § | 215TH JUDICIAL DISTRICT |
| BETTER NOW THAN LATER BAIL BOND, LISA GAIL PORTER, AND DANIEL PRICE, *Defendants* | § § § § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S AMENDED PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Lenisha Janea Parker ("Plaintiff") files this Amended Petition against Defendants, Daniel Price, Lisa Gail Porter, and Better Now Than Later Bail Bonds, Troy McLehany, M. Mentz, (collectively "Defendants"), and in support thereof show as follows:

### I. DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under a Level 2 discovery plan.

### II. PARTIES

2. Plaintiff, **Lenisha Parker,** is an individual residing in Harris County, Texas.
3. Defendant, **Better Now Than Later,** Bail Bond 11106 Veterans Memorial Dr. C1, Houston, TX 77067
4. Defendant, **Daniel Price,** is an individual who may be served with a citation wherever he may be found.
5. Defendant, **Lisa Gail Porter,** is an individual who may be served with a citation wherever he may be found.
6. Defendant, **Metze, M,** is an individual who may be served with a citation wherever he may be found.
7. Defendant, **Alleghany Insurance Company,** is an individual who may be served with a citation wherever he may be found.
8. Defendant, **Bankers Insurance Company,** is an individual who may be served with a

1

citation wherever he may be found.

9. Defendant, **John Joseph,** is an individual who may be served with a citation wherever he may be found.

10. Defendant, **Scott Taylor,** is an individual who may be served with a citation wherever he may be found.

11. Defendant, **Harris County,** is an individual who may be served with a citation wherever he may be found.

12. Defendant, **Brian Levine,** is an individual who may be served with a citation wherever he may be found.

13. Defendant, **Tarrant County,** is an individual who may be served with a citation wherever he may be found.

14. Defendant, **Phill Sorrels,** is an individual who may be served with a citation wherever he may be found.

15. Defendant, **Troy McLehany,** is an individual who may be served with a citation wherever he may be found.

## III. JURISDICTION AND VENUE

16. Jurisdiction is proper in this Court because the damages sought by Plaintiff exceed this Court's minimal jurisdictional limits, and the parties to this lawsuit are all subject to jurisdiction in the State of Texas. See Tex. R. Civ. P. 47(b). This Court has jurisdiction over Defendants because they are citizens of the State of Texas, and they engaged in a concerted wrongful activity which is the subject of this lawsuit and subject to the jurisdiction of the State of Texas.

17. Plaintiff seeks monetary relief over $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, plus all other relief to which Plaintiff deems himself entitled. See Tex. R. Civ. P. 47(c), (d).

18. The venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County. See Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## IV. FACTS

19. Lenisha Parker was forcibly taken into custody by Daniel Price, an agent for Bond Better Now Than Later Bail Bonds, and H-Town Bail Bonds, acting under the orders of Troy McLehany and M. Metze. Claiming to act under the color of law, Price approached Parker at a Chipotle restaurant, demanded her submission to arrest without resistance, and placed her in the back of his vehicle in handcuffs.
20. Price then unlawfully searched her, took her keys, and used them to enter her home. Parker's brother arrived and witnessed these events, but Price and his accomplices refused to disclose her destination.
21. Price conspired with other law enforcement officers to carry out this illegal kidnapping, resulting in Parker being detained from Friday until Sunday, causing her to miss work on Friday.
22. The actions of Price and his co-conspirators, Better Now Than Later Bail Bond, H-Town Bail Bonds, Daniel Price, Lisa Gail Porter, M. Metze, Alleghany Insurance Company Bankers Insurance Company, John Joseph, Scott Taylor, Tarrant County, Phill Sorrels, Troy McLehany, Harris County, and Brian Levine were unlawful and caused significant harm and distress to Parker, providing a basis for a lawsuit seeking redress for the illegal detention and associated damages. The Harris County jail and Magistrate further polluted and failed to protect Ms. Parker from her constitutional rights being violated.
23. Hearing officer, Lisa Gail Porter, failed to protect or intervene as Lenisha Parker constitutional rights were violated by Price and his co-conspirators, Better Now Than Later Bail Bond, H-Town Bail Bonds, Lisa Gail Porter, M. Metze, Alleghany Insurance Company Bankers Insurance Company, John Joseph, Scott Taylor, Tarrant County, Phill Sorrels, Troy McLehany, Harris County, and Brian Levine. She concluded Ms. Parker should be held on a 5000.00 for a felony for an alleged burglary of a building under warrant number 2021FW001703 which on its face indicates a city warrant and could never have been a felony warrant. Porter failed to intervene and release Ms. Parker from the unlawful seizure. A simple inquiry with the City of

Tarrant would have dispelled the notion that there was a felony warrant or that it even had the authority to issue a felony warrant.

> To Whom It May Concern:
>
> This letter is to confirm that as of the date of this letter, there are currently no criminal cases pending against Lenisha Parker (DOB            ) in the Tarrant County, Texas district or county criminal courts.
>
> Very truly yours,
> PHIL SORRELLS
> CRIMINAL DISTRICT ATTORNEY TARRANT COUNTY, TEXAS
> Taylor Haley
> Assistant Criminal District Attorney

## V. CAUSES OF ACTION

24. Plaintiff incorporates by reference all preceding paragraphs contained herein. False Imprisonment, Intentional Infliction of Emotional Distress, Trespass, Abuse of Process, Civil Rights Violations unlawful search and seizure, failure to intervene, bystander liability.

25. Defendants, Daniel Price, Lisa Gail Porter, and H-Town Bail Bonds and Better Now than Later conspired with law enforcement and coordinated a kidnapping scheme to capture Ms. Parker. She was taken into custody by Daniel Price who had not worked or been licensed as an officer for over a year. He searched her home without her consent, then delivered her to the Harris County jail, all while impersonating a police officer claiming to have a felony warrant for her arrest out of Tarrant County, Texas.

## VII. DAMAGES

26. Plaintiff seeks all damages allowed by law as a result of the aforementioned forming the basis for each of his causes of action. Plaintiff requests damages within the jurisdictional limits of the Court including:

    a. Physical pain and mental anguish;

    b. Loss of earning capacity and lost wages;

    c. Medical care expenses;

    f. Out-of-pocket economic losses.

4

g. other expenses related to the arrest

h. exemplary/punitive damages.

i. Plaintiff's reasonable and necessary attorneys' fees;

j. Costs of court;

k. Pre-judgment and post-judgment interest at the highest rates allowable by law;

l. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself entitled.

27. The damages sustained by Plaintiff were approximately caused by the Defendants as set forth herein.

28. The damages sustained by Plaintiff were approximately caused by the Defendants as set forth herein.

29. Plaintiff respectfully requests the Court and jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future.

30. There are certain elements of damages provided by law that Plaintiff is entitled to have the jury in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate Plaintiff.

## VII. JURY DEMAND

31. Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests and demands a trial by jury.

## IX. PRAYER

32. Plaintiff prays that he has a judgment against Defendants for actual damages shown and proven at trial, for prejudgment, post-judgment interest, for costs of court and for all other relief, legal and equitable, to which he is entitled.

Respectfully submitted,
By: /s/U.A. Lewis
Lewis Lewis Law Group
U.A. Lewis
Texas Bar No. 24076511
PO BOX 27353
Houston, TX 77227
T(713) 570-6555
F (713) 581-1017

5

FG 1107151 1.9-9

Attorney for Plaintiff
myattorneyatlaw@gmail.com

**COPY OF BILL OF COSTS BY USCA IN THE AMOUNT OF $76.85 AGAINST APPELLANT**