IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENISHA J. PARKER, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:25-cv-01075 | |
| § | | |
| BETTER NOW THAN LATER § | | |
| BAIL BOND, LISA GAIL PORTER, § | | |
| AND DANIEL PRICE, § | | |
| *Defendants.* § | | |

## DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY, TEXAS (hereafter "Harris County or the County") files this Motion to Dismiss Plaintiffs' Amended Complaint (ECF 1, #1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Harris County would respectfully show the Court as follows:

### I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This lawsuit stems from Plaintiff Lenisha J. Parker's allegations that Daniel Price, an agent for Bond Better Now Than Later Bail Bonds conspired with other law enforcement officers to carry out her illegal kidnapping, resulting in Plaintiff being detained for three (3) days. Plaintiff alleges the Harris County Jail, and the Magistrate further polluted and failed to protect Plaintiff's constitutional rights from being violated.

2. On September 6, 2024, Plaintiff filed her original petition in the District Court of Harris County, Texas 215th Judicial District (Cause no. 202459952) alleging claims against Defendants Bond Greenspoint Bail Bond, Lisa Gail Porter, and Daniel Price. Plaintiff alleged claims for False

1

Imprisonment, Intentional Infliction of Emotional Distress, Trespass, Abuse of Process and Civil Rights Violations.

3. On January 27, 2025, Plaintiff filed her amended petition in the District Court of Harris County, Texas 215th Judicial District (Cause no. 202459952) alleging claims against Defendants Better Now Than Later Bail Bond, Lisa Gail Porter, Daniel Price, Metze, M., Alleghany Insurance Company, Bankers Insurance Company, John Joseph, Scott Taylor, Harris County, Brian Levine, Tarrant County, Phill Sorrels, and Troy McLehany. Plaintiff's amended petition alleges claims for False Imprisonment, Intentional Infliction of Emotional Distress, Trespass, Abuse of Process and Civil Rights Violations for Unlawful Search Seizure, Failure to Intervene, and Bystander Liability.

4. On March 11, 2025, the state court action was removed to the United States District Court, Southern District of Texas, Houston Division (Civil Action no. 4:25-cv-1075). (ECF 1).

5. Defendant Harris County now moves to dismiss Plaintiffs' claims against Harris County for failure to state a claim upon which relief can be granted.

## II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A.** **Statement of Issues.**

6. The issues to be ruled upon by the Court regarding Defendant Harris County is:

    (a) Whether Plaintiff failed to state any claim upon which relief can be granted against Harris County?

**B.** **Standard of Review.**

7. **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must

be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

8. Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

9. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana*

*Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim"). Plaintiff's claims are rife with conclusory the-defendant-unlawfully-harmed-me accusations, without any substantive facts to support her claims against Harris County.

### III. ARGUMENT AND AUTHORITIES

**A. Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against Harris County.**

11. Plaintiff alleges she was taken into custody by Defendant Daniel Price who was impersonating a police officer claiming to have a felony warrant for her arrest out of Tarrant County. (ECF 1, #1 at ¶25). Plaintiff alleges Defendant Daniel Price searched her home without consent and delivered her to the Harris County Jail. *Id*.

12. "[U]nder §1983, local governments are responsible <u>only</u> for '<u>their own</u> illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e., Harris County is not vicariously liable for its employees' actions, even if unconstitutional. *See*

*Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578).

13. To state a §1983 municipal liability claim against Harris County, Plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *see also Covington v. City of Madisonville*, 812 Fed. App'x. 219, 224 (5th Cir. 2020)(a plaintiff must "plead facts that plausibly support each element of §1983 municipal liability"). "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Connick*, 51 U.S. at 60; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). Simply, a claim against the County cannot survive if the only alleged facts describe the event giving rise to the cause of action and nothing more. *See Ratliff*, 948 F.3d at 285.

14. It is, therefore, crucial that governmental culpability and governmental causation "not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579. Plaintiff, therefore, bear the burden of demonstrating that, through deliberate indifference, Harris County was the 'moving force' behind the injury alleged. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *James v. Harris Cnty.*, 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

15. Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's

5

policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision. *See Brown*, 520 U.S. at 411. Thus, Plaintiff must allege facts which show not only an unconstitutional decision, but a decision by Harris County to violate the Constitution. *See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added).

16. "In addition to culpability, [the pleadings must show] a direct causal link between [an identified] municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579. Therefore, and for purposes of a Rule 12(b)(6) motion, "the plaintiffs' description of a [governmental] policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; <u>it must contain specific facts</u>." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added); *see also Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). The Court is "not bound to accept as true [the Plaintiffs'] legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Fifth Circuit has defined "official policy" as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by official adopted and promulgated policy, is so common and well settled as

to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Sidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)). The "widespread practice" type of policy or custom cannot be proven by "random acts or isolated incidents...." *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001); *Akins*, 2014 WL 105839 at *11. "Isolated violations are not the persistent, often repeated constant violations that constitute custom or policy as required for municipal section 1983 liability." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (internal quotations omitted). "To demonstrate a governmental policy or custom under § 1983, a plaintiff must show at least a pattern of similar incidents in which the citizens were injured." *Akins*, 2014 WL 105839 at *11 (internal citations and quotations omitted). Moreover, "each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff...." *Piotrowski*, 237 F.3d at 579. The causation element requires that the plaintiff demonstrate the policy itself was the "moving force" behind the alleged constitutional violations. See *Akins v. Liberty Cnty.*, No. 1:13-cv-328, 2014 WL 105839, at *9 (E.D. Tex. Jan. 9, 2014) (Crone, J.) (quoting *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996)).

17. For purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts from which the court can reasonably infer that "the challenged policy was promulgated or ratified by the city's policymaker." *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016). Here, Plaintiff has not identified any specific, officially-promulgated written policy statement, regulation or decision of Harris County that allegedly caused a violation of Plaintiff's constitutional rights. Nor has Plaintiff established a factual basis for a persistent or widespread practice of Harris County

officials that was so common and well-settled as to constitute a custom that fairly represents a County policy. *See Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted). Plaintiff has failed to state a claim upon which relief can be granted against Harris County and her claims against Harris County should be dismissed as a matter of law.

18. **No Deliberate Indifference.** Based on the pleadings, Plaintiff has failed to state any plausible factual allegations of deliberate indifference or causation by the County. The County cannot be liable for civil rights violations under a theory of respondeat superior. *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 395 (5th Cir. 2017). Other than bare allegations, Plaintiff has failed to meet her pleading burden. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and her claim against the County should be dismissed as a matter of law.

19. **Fourth Amendment Claim**. To prevail on a § 1983 illegal search and seizure claim under the Fourth Amendment against a municipality, or against both government officials and their municipality employer, "the plaintiff must show that [1] there was either an official policy or an unofficial custom, [2] adopted by the municipality, [3] that was the moving force behind the claimed constitutional violation." *Duvall v. Dallas Cnty, Tex.*, 631 F.3d 203, 209 (5th Cir. 2011) (citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978)). In *Monell v. Dep't of Soc. Serv. of City of New York*, the Court held that a local government cannot be sued under § 1983 for an injury inflicted solely by its employees. *Monell*, 436 U.S. at 694.

20. Municipalities cannot be liable under § 1983 based on a theory of respondeat superior. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "A municipality is liable only for acts directly attributable to it 'through some official action or imprimatur.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). To state a *Monell* claim against a municipality, the plaintiffs must plead facts "that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.'" *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (quoting *Piotrowski*, 237 F.3d at 578).

21. Plaintiff has not plead sufficient facts to establish a policy, practice, custom or procedure on which to base county liability. Plaintiff fails to allege facts that show that a county employee participated with the search and seizure of the Plaintiff that led to a constitutional violation or that it was carried out due to a specific policy of Harris County. Plaintiff has failed to plead a *Monell* claim upon which relief can be granted against Harris County and such claim should be dismissed as a matter of law.

22. **Conspiracy Claim.** Plaintiff must allege "operative facts" suggesting that the County agreed to violate her rights. *Jackson v. City of Hearne*, 959 F.3d 194, 206 n.16 (5th Cir. 2020) (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987)). "Bald allegations that a conspiracy existed are insufficient." *Lynch*, 810 F.2d at 1369–70; see also *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) ("Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss.").

23. To avoid dismissal, a plaintiff first must show "an actual violation of section 1983." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995); see also *Morales v. Carrillo*, No. EP-19-CV-217-

PRM, 2021 WL 664854, at *10 (W.D. Tex. Feb. 19, 2021) ("the Court must first identify a violation of clearly established federal law"). A plaintiff cannot establish that a conspiracy occurred by merely alleging it happened through conclusory allegations with no factual support. *Hicks v. Bexar Cnty., Tex.*, 973 F.Supp. 653, 676 (W.D. Tex. 1997), aff'd sub nom. *Hicks v. Bexar Cnty.*, 137 F.3d 1352 (5th Cir. 1998) ("Conclusory allegations of conspiracy in a Section 1983 lawsuit are insufficient, absent reference to material facts, to state a substantial claim of federal conspiracy or withstand scrutiny under either Title 28 U.S.C. Section 1915(e) ...."). Allegations of conspiracy without facts demonstrating prior agreement between defendants cannot survive a motion to dismiss. See *Hey v. Irving*, 161 F.3d 7, *3 (5th Cir. 1998) (holding that "plaintiffs' bare conclusory allegation that '[a]ll three defendants demonstrated a meeting of the mind' absent any specific facts showing that the defendants reached an agreement to violate their rights, is not sufficient to plead a § 1983 conspiracy").

24.   Plaintiff alleges Defendant Price conspired with other law enforcement officers to carry out her illegal kidnapping which resulted in Plaintiff being detained from Friday to Sunday causing her to miss work on that Friday. (ECF 1, #1 at ¶21). Plaintiff alleges the actions of Defendant Price and his co-conspirators, Better Now Than Later Bail Bond, H-Town Bail Bonds, Daniel Price, Lisa Gail Porter, M. Metze, Alleghany Insurance Company Bankers Insurance Company, John Joseph, Scott Taylor, Tarrant County, Phill Sorrels, Troy McLehany, Harris County, and Brian Levine were unlawful and caused significant harm and distress for the illegal detention. (ECF 1, #1 at ¶22). Plaintiff further alleges the Harris County Jail and Magistrate further polluted and failed to protect Plaintiff from her constitutional rights being violated.  Plaintiff's conspiracy claim is based off conclusory allegations and Plaintiff cannot show an actual violation of section 1983 by Defendant Harris County).  Plaintiff has failed to state a conspiracy claim against Harris County

and this claim against Harris County should be dismissed as a matter of law.

25. **State Law Claims**. In Texas, it has long been recognized that sovereign immunity, unless waived, protects the State, its agents, and its officials from lawsuits for damages. See *Tex. Dep't of Transp. v. York*, 284 S.W.3d 844, 846 (Tex.2009); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 369 (Tex.2009); *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex.2002). A governmental entity has sovereign immunity and cannot be held liable for the actions of its employees unless there is a constitutional or statutory provision waiving such immunity. See *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex.2011).

26. The Texas Tort Claims Act (TTCA) provides a limited waiver of sovereign immunity in limited circumstances. See TEX. CIV. PRAC. & REM. CODE §§ 101.001–101.109; see *Miranda*, 133 S.W.3d at 224. The TTCA waives immunity for claims seeking to impose liability for

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

    (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

    (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* § 101.021.

27. The tort claims act expressly waives governmental immunity in three general areas: (1) use of motor-driven equipment, (2) premises defects, and (3) injuries arising out of the use of personal property. *Brown*, 80 S.W.3d at 554.

28. Harris County is a governmental unit within the scope of the TTCA. Plaintiff did not allege any claims against Harris County entitling her to waiver of immunity under the TTCA. Cf. TEX. CIV. PRAC. & REM. CODE § 101.021 (authorizing claims for property damage, personal injury, and death against governmental units).

29. The Texas Legislature has not waived Harris County's immunity from suit for this claim. A government cannot be sued for damages unless the Legislature has waived that unit's immunity from suit for that specific claim. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Plaintiff has failed to state a claim against Harris County under the Texas Tort Claims Act and her state law claims against Harris County should be dismissed as a matter of law.

### III. CONCLUSION

30. For the reasons stated herein, Plaintiff has failed to state any plausible claim upon which relief can be granted against Harris County, Texas. Accordingly, Harris County is entitled to dismissal of Plaintiffs' claims as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Harris County requests that the Court grant its motion and enter an order dismissing Plaintiff's claim against Harris County, award the County its attorney's fees and costs, and grant all other relief to which Defendant Harris County is entitled. Date: March 17, 2025.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

By:   */s/ Gregory Burnett*
**GREGORY BURNETT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Street
Houston, Texas 77002

**ATTORNEYS FOR HARRIS COUNTY**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

    */s/ Gregory Burnett*
    GREGORY BURNETT