IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENISHA J. PARKER, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-01075 |
| | § | |
| BETTER NOW THAN LATER | § | |
| BAIL BOND, LISA GAIL PORTER, | § | |
| AND DANIEL PRICE, | § | |
| *Defendants.* | § | |

## KENNETH PRICE'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

KENNETH PRICE (hereafter "Price") files this Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 1, #1) pursuant to Rules 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure. In support of said motion, Price would respectfully show the Court as follows:

### I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This lawsuit stems from Plaintiff Lenisha J Parker's allegations that Daniel Price, an agent for Bond Better Now Than Later Bail Bonds conspired with other law enforcement officers to carry out her illegal kidnapping, resulting in Plaintiff being detained for three (3) days. Plaintiff alleges the Harris County Jail and the Magistrate further polluted and failed to protect Plaintiff's constitutional rights from being violated.

2. On September 6, 2024, Plaintiff filed her original petition in the District Court of Harris County, Texas 215th Judicial District (Cause no. 202459952) alleging claims against Defendants Bond Greenspoint Bail Bond, Lisa Gail Porter, and Daniel Price. Plaintiff alleged claims for False Imprisonment, Intentional Infliction of Emotional Distress, Trespass, Abuse of Process and Civil Rights Violations.

3. On January 27, 2025, Plaintiff filed her amended petition in the District Court of Harris County, Texas 215th Judicial District (Cause no. 202459952) alleging claims against Defendants Better Now Than Later Bail Bond, Lisa Gail Porter, Daniel Price, Metze, M., Alleghany Insurance Company, Bankers Insurance Company, John Joseph, Scott Taylor, Harris County, Brian Levine, Tarrant County, Phill Sorrels, and Troy McLehany. Plaintiff's amended petition alleges claims for False Imprisonment, Intentional Infliction of Emotional Distress, Trespass, Abuse of Process and Civil Rights Violations for Unlawful Search Seizure, Failure to Intervene, and Bystander Liability. Plaintiff's petition failed to state the date of the incident giving rise to her claims.

4. On March 11, 2025, the state court action was removed to the United States District Court, Southern District of Texas, Houston Division (Civil Action no. 4:25-cv-1075). (Dkt. 1).

5. On June 7, 2025, a copy of the summons and complaint for Defendant Daniel Price was left in the mailbox at the residence of Kenneth Price. On June 9, 2025, Plaintiff filed the Return of Service of Summons executed as to Daniel Price. (Dkt. 19).

6. Kenneth Price is not named in the lawsuit and was insufficiently served with the Summons and Complaint. Daniel Price is not Kenneth Price's first or middle name. See Exhibit 1 ("Affidavit of Kenneth Price").

7. Kenneth Price now moves to dismiss Plaintiff's claims for insufficient service of process and failure to state a claim upon which relief can be granted.

## II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A.  Statement of Issues.**

8. The issues to be ruled upon by the Court regarding Kenneth Price are:

    (a) Whether there is sufficient service of process on Kenneth Price?

    (b) Whether Plaintiff has stated a claim upon which relief can be granted Kenneth Price?

**B.      Standard of Review.**

9.      **Rule 12(b)(4) & (5)**.  Price seeks dismissal for insufficient process and for insufficient service of process. Fed.R.Civ.P. 12(b)(4) & (5).  Rule 12(b)(4) is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served. *International Fire and Safety, Inc. v. HC Services, Inc.*, 2006 WL 2403496 (S.D.Miss. Aug. 18, 2006). A motion to dismiss under Rule 12(b)(4) "concerns the form of the process rather than the manner or method of its service, while Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). If a defendant raises a Rule 12(b)(5) challenge, it is the plaintiff's burden to prove that service was proper. *Id.*

10.     Federal Rule of Civil Procedure 12(b)(4) "allows a defendant to move for dismissal based on insufficient process." *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013)(citing FED. R. CIV. P. 12(b)(4)). The plaintiff bears the burden of proof regarding sufficiency of process. *Lechner v. Citimortgage, Inc.*, 4:09-CV-302-Y, 2009 U.S. Dist. LEXIS 65836 (N.D. Tex. July 29, 2009).

11.     A Rule 12(b)(5) motion allows a party to file a motion to dismiss for "insufficient service of process." *Jones v. Lamar Cty.*, 2022 U.S. Dist. LEXIS 212307, at *14 (E.D. Tex. 2022)(citing FED.R. CIV.P. 12(b)(5)). If a defendant raises a Rule 12(b)(5) challenge, it is the plaintiff's burden to establish the validity of service. *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009). *See also* Fed. R. Civ. P. 4.

12.     The Federal Rules of Civil Procedure requires a properly executed summons <u>and copy of the complaint</u> be served upon the defendant in order for process to be sufficient. Fed. R. Civ. P. 4(c)(1).

3

13. **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

14. Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

15. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim"). Plaintiff's claims are rife with conclusory the-defendant-unlawfully-harmed-me accusations, without any substantive facts to support her claims against Harris County.

### III. ARGUMENT AND AUTHORITIES

**A.** **Insufficient Process and/ or Service of Process.**

16. Plaintiff did not name Kenneth Price in her lawsuit and therefore service upon Kenneth Price was insufficient. Plaintiff's service of the summons and complaint was ineffective because the summons was issued to Daniel Price and left in the mailbox at the residence of Kenneth Price. Further, the complaint only names Daniel Price as a Defendant. Thus, Price's motion to dismiss should be granted for insufficient service of process. Fed.R.Civ.P. 12(b)(4) and(5).

**B.** **Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against Kenneth Price.**

17. "Section 1983 is not a general tort remedy available to 'all who suffer injury at the hands of the state or its officers.'" *Waddleton v. Rodriguez*, 750 F. App'x 248, 252 (5th Cir. 2018) (per

curiam) (quoting *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981)). To state a claim under Section 1983, " 'a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States.' " *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 241 (5th Cir. 2021) (per curiam) (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)).

18. Plaintiff alleges she was taken into custody by Daniel Price, an agent for Bond Better Now Than Later Bail Bonds, and H-Town Bail Bonds, acting under the orders of Troy McLehany and M. Metze. (Dkt. 1, #1 at ¶19). Plaintiff alleges Daniel Price approached her at a Chipotle restaurant, demanded her submission to arrest without resistance, and placed her in the back of his vehicle in handcuffs. *Id*. Plaintiff alleges Daniel Price unlawfully searched her, took her keys, and used them to enter her home. (Dkt. 1, #1 at ¶20). Plaintiff alleges Daniel Price conspired with other law enforcement officers to carry out an illegal kidnapping, resulting in Plaintiff being detained for three days. (Dkt. 1, #1 at ¶21). Plaintiff alleges Defendant Daniel Price searched her home without consent and delivered her to the Harris County Jail. *Id*. Plaintiff acknowledges that she was arrested and held on a felony warrant for an alleged burglary of a building under warrant number 2021FW001703. (Dkt. 1, #1 at ¶23). Plaintiff fails to provide any facts supporting her allegation that Price conspired with other law enforcement officers. Plaintiff fails to provide facts supporting her allegation that she was kidnapped by Price. Plaintiff fails to provide facts supporting the allegation that she was arrested without warrant or probable cause. Plaintiff further fails to provide the date that her constitutional rights were allegedly violated.

19. Plaintiff fails to state a claim under Section 1983 for violations of the Fourth Amendment. Further, Plaintiff fails to allege a Section 1983 claim for violations of the Fourth Amendment

6

because Kenneth Price is entitled to qualified immunity.

20. **Conspiracy Claim.** To state a conspiracy claim under § 1983, a plaintiff must allege facts to support "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), abrogated on other grounds as recognized by *Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992). A plaintiff must also show that the defendants agreed to commit actions that violated his or her constitutional rights. *Lewis v. Law–Yone*, 813 F.Supp. 1247, 1256 (N.D. Tex. 1993) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) ) (emphasis added). A bald allegation that a conspiracy exists, unsupported by any factual allegations, is insufficient. *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987); see also *Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994) (stating that a plaintiff is required to allege facts sufficient to suggest an agreement among one or more parties).

21. Allegations of conspiracy without facts demonstrating prior agreement between defendants cannot survive a motion to dismiss. See *Hey v. Irving*, 161 F.3d 7, *3 (5th Cir. 1998) (holding that "plaintiffs' bare conclusory allegation that '[a]ll three defendants demonstrated a meeting of the mind' absent any specific facts showing that the defendants reached an agreement to violate their rights, is not sufficient to plead a § 1983 conspiracy").

22. Plaintiff alleges Defendant Price conspired with other law enforcement officers to carry out her illegal kidnapping which resulted in Plaintiff being detained from Friday to Sunday causing her to miss work on that Friday. (Dkt. 1, #1 at ¶21). Plaintiff alleges the actions of Defendant Price and his co-conspirators, Better Now Than Later Bail Bond, H-Town Bail Bonds, Daniel Price, Lisa Gail Porter, M. Metze, Alleghany Insurance Company Bankers Insurance Company, John Joseph, Scott Taylor, Tarrant County, Phill Sorrels, Troy McLehany, Harris County, and Brian

Levine were unlawful and caused significant harm and distress for the illegal detention. (Dkt. 1, #1 at ¶22). Plaintiff further alleges the Harris County Jail and Magistrate further polluted and failed to protect Plaintiff from her constitutional rights being violated. Plaintiff's conspiracy claim is based off conclusory allegations and Plaintiff cannot show an actual violation of section 1983 by Defendant Price). Plaintiff has failed to state a conspiracy claim against Price and this claim against Price should be dismissed as a matter of law.

23. **State Law Claims**. Out of an abundance of caution, to the extent Plaintiff asserted a state law claim against Price, those claims are barred under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code §101.106(e). Under §101.106(e), "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.*

24. Price is entitled to dismissal even if there is no waiver of immunity. *See Franka v. Velasquez*, 332 S.W.3d 367, 375-81 (Tex. 2011). "Because [TTCA] is the only, albeit limited, avenue for common law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under [TTCA] for purposes of §101.106. Thus, even though [TTCA] does not waive immunity for the intentional tort claims…those claims are still subject to section 101.106(f)." *Donohue v. Dominguez*, 486 S.W.3d 50, 55 (Tex. App.—San Antonio 2016, pet. denied) (quoting *Mission Consolidated ISD v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)). Harris County is a party to this case and the scant allegations against Price would be an intentional tort. So, to the extent Plaintiff has alleged or may allege a claim subject to the TTCA against Price, those claims are barred.

**C.** **Qualified Immunity**.

25. Qualified immunity shields Price "from civil damages liability unless he violated a statute or constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). In considering whether a defendant is entitled to qualified immunity, courts must first determine "whether [the plaintiff's] complaint contains enough facts showing that [his] constitutional rights were violated, or whether the facts pled amount to a constitutional violation." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 241 (5th Cir. 2021). Second, if the plaintiff has stated a claim, courts must consider whether the right was clearly established at the time of the violation. See *id.*; *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). "Clearly established rights should not be defined broadly." *English v. Davis*, No. 1:20-cv-458, 2022 WL 815025, at *2 (E.D. Tex. Feb. 24, 2022), R. & R. adopted, 2022 WL 811061 (E.D. Tex. Mar. 16, 2022) (citing *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix*, 577 U.S. at 11 (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). Courts have the discretion to decide which prong of the two-part test to address first. See *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

26. Plaintiff fails to plead specific facts showing that Price's conduct violated any clearly established constitutional right. To show the inapplicability of the asserted qualified immunity defense, a plaintiff must claim that the constitutional violations were objectively unreasonable given the clearly established law at the time of the alleged constitutional violation. See *Club Retro, L.L.C.*, 568 F.3d at 194. When qualified immunity is raised in a motion to dismiss, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'" *Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996).

27. For purposes of qualified immunity, "clearly established" means that the "contours of the right" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Therefore, the right must already be clearly established at the time of the challenged conduct. *Lane v. Franks*, 573 U.S. 228, 134 S.Ct. 2369, 2381, 189 L.Ed.2d 312 (2014).

28. **Fourth Amendment**. Plaintiff alleges she was arrested and held on a felony warrant for an alleged burglary of a building under warrant number 2021FW001703. (Dkt. 1, #1 at ¶23). Plaintiff's own allegations show qualified immunity applies. Plaintiff admission that she was arrested and held pursuant to officers acting on a warrant shows no clearly established right was violated. Plaintiff has not pled a plausible claim for a constitutional violation and Price is entitled to the defense of qualified immunity.

## IV. CONCLUSION

29. For the reasons stated herein, Plaintiff has failed to state any plausible claim upon which relief can be granted against Price. Accordingly, Price is entitled to dismissal of Plaintiffs' claims as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Kenneth Price requests that the Court grant his motion and enter an order dismissing Plaintiff's claim against Price and grant all other relief to which Price is entitled.

Date: June 30, 2025.

    Respectfully submitted,

    **CHRISTIAN D. MENEFEE**
    HARRIS COUNTY ATTORNEY

    **JONATHAN G. C. FOMBONNE**
    DEPUTY COUNTY ATTORNEY AND FIRST
    ASSISTANT

NATALIE G. DELUCA
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:    */s/ Gregory Burnett*
**GREGORY BURNETT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Street
Houston, Texas 77002

**ATTORNEYS FOR HARRIS COUNTY AND KENNETH PRICE**

## CERTIFICATE OF CONFERENCE

Counsel conferred in good faith on June 11 and June 12 regarding this motion and were unable to agree.

*/s/ Gregory Burnett*
GREGORY BURNETT

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Gregory Burnett*
GREGORY BURNETT