IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENISHA J. PARKER, <br> *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-01075 |
| BETTER NOW THAN LATER <br> BAIL BOND, LISA GAIL PORTER, <br> AND DANIEL PRICE, <br> *Defendants.* | § § § § § | |

**KENNETH PRICE'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

KENNETH PRICE files this Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 26) pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure. In support of the said motion, Price would respectfully show the Court as follows:

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
I.      Statement Of The Nature and Stage of Proceedings ....................................................... 1
II.     FACTS ............................................................................................................................... 2
III.    Statement of Issues AND STANDARD OF REVIEW ................................................... 2
      A. Statement of Issues. ................................................................................................... 2
      B. Standard of Review. .................................................................................................. 2
IV.    Argument and Authorities ................................................................................................ 6
      A. Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against Kenneth Price. ............................................................................................................ 6
      B. Plaintiff's State Law Claims ...................................................................................... 9
      C. Official Immunity for State Law Claims .................................................................. 11
V.      CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

Page(s)

Cases

232 F.3d 210 (5th Cir. 2000) ............................................................................................. 10
*Anderson v. Creighton*,
  483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) .................................................. 4
*Arsenaux v. Roberts*,
  726 F.2d 1022 (5th Cir. 1982) ........................................................................................ 8
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 3, 4
*Ballantyne*,
  144 S.W.3d ................................................................................................................. 11
*Beck v. Ohio*,
  379 U.S. 89, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964) .................................................... 7
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................... 3
*Bryant v. Mil. Dep't of Miss.*,
  597 F.3d 678 (5th Cir. 2010) ......................................................................................... 7
*Bustos v. Martini Club, Inc.*,
  599 F.3d 458 (5th Cir. 2010) .................................................................................. 9, 10
*Cass v. City of Abilene*,
  814 F.3d 721 (5th Cir. 2016) ......................................................................................... 5
*City of Lancaster v. Chambers*,
  883 S.W.2d 650 (Tex.1994) ........................................................................................ 11
*Connelly v. Comptroller*,
  876 F.2d 1209 (5th Cir. 1989) ....................................................................................... 5
*Crostley v. Lamar Cty., Texas*,
  717 F.3d 410 (5th Cir. 2013) ......................................................................................... 7
*District of Columbia v. Wesby*,
  ⸺ U.S. ⸺, 138 S. Ct. 577, 199 L. Ed. 2d 453 (2018) .............................................. 7
*Dorward v. Ramirez*,
  2009 WL 2777880 ....................................................................................................... 10
*Duckett v. City of Cedar Park*,
  950 F.2d 272 (5th Cir. 1992) ......................................................................................... 5
*Foster v. City of Lake Jackson*,
  28 F.3d 425 (5th Cir. 1994) ........................................................................................... 6
*Fraire v. City of Arlington*,
  957 F.2d 1268 (5th Cir. 1992) ....................................................................................... 5
*Freeman v. Gore*,
  483 F.3d 404 (5th Cir. 2007) ......................................................................................... 7
*Gillum v. City of Kerrville*,
  3 F.3d 117 (5th Cir.1993) .............................................................................................. 9
*Green v. State Bar of Tex.*,
  27 F.3d 1083 (5th Cir. 1994) ......................................................................................... 8

*Hale v. King*,
   642 F.3d 492 (5th Cir. 2011) ................................................................................................ 4
*Harlow v. Fitzgerald*,
   457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ......................................................... 4
*Hey v. Irving*,
   161 F.3d 7 (5th Cir. 1998) .................................................................................................... 8
*Hunter v. Bryant*,
   502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) ..................................................... 4, 5
*Jackson v. Dallas Indep. Sch. Dist.*,
   1999 WL 58846 (N.D. Tex. Feb. 1, 1999) ......................................................................... 10
*Jackson v. Procunier*,
   789 F.2d 307 (5th Cir. 1986) ................................................................................................ 3
*Kassen*,
   887 S.W.2d .......................................................................................................................... 11
*Kovacic v. Villarreal*,
   628 F.3d 209 (5th Cir. 2010) ................................................................................................ 6
*Leal v. McHugh*,
   731 F.3d 405 (5th Cir. 2013) ................................................................................................ 3
*Lewis v. Law–Yone*,
   813 F.Supp. 1247 (N.D. Tex. 1993) ..................................................................................... 8
*Lynch v. Cannatella*,
   810 F.2d 1363 (5th Cir. 1987) .............................................................................................. 8
*Malley v. Briggs*,
   475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) ........................................................ 5
*Martinez v. City of N. Richland Hills*,
   846 F. App'x 238 (5th Cir. 2021) .......................................................................................... 6
*Meadours v. Ermel*,
   483 F.3d 417 (5th Cir. 2007) ................................................................................................ 5
*Montoya v. FedEx Ground Package Sys., Inc.*,
   614 F.3d 145 (5th Cir. 2010) ................................................................................................ 3
*Morin v. Caire*,
   77 F.3d 116 (5th Cir. 1996) .................................................................................................. 3
*Mullenix v. Luna*,
   577 U.S. 7, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) ............................................................ 4
*Payton v. New York*,
   445 U.S. 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980) .................................................. 7, 8
*Pfannstiel v. City of Marion*,
   918 F.2d 1178 (5th Cir. 1990) .............................................................................................. 8
*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) ................................................................................................ 2
*Rhodes v. Torres*,
   901 S.W.2d 794 (Tex.App.-Houston [14th Dist.] 1995, no writ) ...................................... 11
*Shaw v. Villanueva*,
   918 F.3d 414 (5th Cir. 2019) ................................................................................................ 4
*Siegert v. Gilley*,
   500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ...................................................... 5


*Steagald v. United States*,
  451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981) ............................................................. 7
*Stewart v. Murphy*,
  174 F.3d 530 (5th Cir. 1999) ................................................................................................. 5
*Surratt v. McClarin*,
  851 F.3d 389 (5th Cir. 2017) ................................................................................................. 6
*Taylor v. Books A Million, Inc.*,
  296 F.3d 376 (5th Cir. 2002) ................................................................................................. 3
*Telthorster*,
  92 S.W.3d ........................................................................................................................... 11
*Texas Dep't of Public Safety v. Petta*,
  44 S.W.3d 575 (Tex. 2001) ................................................................................................... 9
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*,
  336 F.3d 375 (5th Cir. 2003) ................................................................................................. 3
*Vincent v. City of Sulphur*,
  805 F.3d 543 (5th Cir. 2015) ................................................................................................. 6
*Waddleton v. Rodriguez*,
  750 F. App'x 248 (5th Cir. 2018) .......................................................................................... 6
*Wadewitz*,
  951 S.W.2d ......................................................................................................................... 11
*White v. Pauly*,
  580 U.S. 73, 137 S.Ct. 548, 196 L.Ed.2d 463 (2017) ........................................................... 6
*White v. Thomas*,
  660 F.2d 680 (5th Cir. 1981) ................................................................................................. 6
*Young v. City of Killeen*,
  775 F.2d 1349 (5th Cir. 1985) ............................................................................................... 6

Statutes

Tex. Civ. Prac. & Rem. Code Ann. § 101.106 ........................................................................ 9, 10
Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a) ......................................................................... 10
Texas Civil Practice and Remedies Code § 101.057 ..................................................................... 9
U.S. Const. amend. IV .................................................................................................................... 7

Rules

Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 3
Rules 12(b)(6) of the Federal Rules of Civil Procedure ......................................................... 1, 2, 3

Page(s)

## I.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This lawsuit stems from the arrest of Plaintiff Lenisha Parker on an out-of-county arrest warrant. Parker alleges Daniel Price, orchestrated a warrantless seizure while under color of state law. (Dkt. 26).

2. On September 6, 2024, Plaintiff filed her original petition in the District Court of Harris County, Texas 215th Judicial District (Cause no. 202459952) alleging claims against Defendants Bond Greenspoint Bail Bond, Lisa Gail Porter, and Daniel Price. Plaintiff alleged claims for False Imprisonment, Intentional Infliction of Emotional Distress, Trespass, Abuse of Process and Civil Rights Violations.

3. On January 27, 2025, Plaintiff filed her amended petition in the District Court of Harris County, Texas 215th Judicial District (Cause no. 202459952) alleging claims against Defendants Better Now Than Later Bail Bond, Lisa Gail Porter, Daniel Price, Metze, M., Alleghany Insurance Company, Bankers Insurance Company, John Joseph, Scott Taylor, Harris County, Brian Levine, Tarrant County, Phill Sorrels, and Troy McLehany. Plaintiff's amended petition alleges claims for False Imprisonment, Intentional Infliction of Emotional Distress, Trespass, Abuse of Process and Civil Rights Violations for Unlawful Search Seizure, Failure to Intervene, and Bystander Liability. Plaintiff's petition failed to state the date of the incident giving rise to her claims.

4. On March 11, 2025, the state court action was removed to the United States District Court, Southern District of Texas, Houston Division (Civil Action no. 4:25-cv-1075). (Dkt. 1).

5. On June 30, 2025, Kenneth Price moved to dismiss Plaintiff's claims. (Dkt. 24).

6. On July 21, 2025, Plaintiff filed an Amended Complaint asserting claims against Daniel Price "Kenneth Price", in his individual capacity, Ed Gonzalez, in his official capacity, Lisa Porter, in her official capacity, and Harris County. (Dkt. 26).

1

7. On July 24, 2025, the Court issued an Order denying Price's Motion to Dismiss as moot. (Dkt. 27).

8. Kenneth Price now moves to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.

## II. FACTS

9. On Friday, January 27, 2023, the warrant team was searching for Lenisha Parker's boyfriend "John Taylor" who was the primary subject believed to be at the residence located at 10211 Piave Drive, Houston, Harris County, Texas. Deputy Kenneth Price along with Harris County Sheriff's Office Viper Squad 2 warrant team, arrested Lenisha Parker at the residence located at 10211 Piave Drive, Houston, Harris County, Texas on two Out of County Warrants.[1] The deputies were unable to make contact with John Taylor, who was the primary subject.

## III. STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A.   Statement of Issues.**

10. The issue to be ruled upon by the Court regarding Kenneth Price is:

    (a) Whether Plaintiff has stated a claim upon which relief can be granted against Kenneth Price?

**B.   Standard of Review.**

11. **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must

---

[1] Defendant Price respectfully asks the Court to take judicial notice of the Call Report attached as Exhibit 1 and the Incident Report attached as Exhibit 2.

be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

12. Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

13. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana*

3

*Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

14. **Qualified Immunity.** Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). For a right to be "clearly established," that right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991); *Anderson*, 483 U.S. at 639-40, 107 S.Ct. 3034. In *Harlow*, the Supreme Court explained that a key question is "whether that law was clearly established at the time an action occurred," because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818, 102 S.Ct. 2727. If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015);

4

*Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

15. In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether the plaintiff has alleged any violation of a clearly established right, and if so, whether the individual defendant's conduct was objectively reasonable. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Duckett v. City of Cedar Park*, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that the plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. *Siegert*, 500 U.S. at 232, 111 S.Ct. 1789. Rather, the court must be certain that, if the facts alleged by the plaintiff are true, a violation has clearly occurred. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989). Even if defendants are alleged to have acted in unison, the court must address the actions of each individually to determine whether qualified immunity applies. *Cass v. City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016); *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

16. A mistake in judgment does not cause an officer to lose his qualified immunity defense. In *Hunter*, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley*, [475 U.S.] at 343 [106 S.Ct. 1092]... This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

502 U.S. at 229, 112 S.Ct. 534. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his

5

entitlement to qualified immunity. *Young v. City of Killeen*, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

17. When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Kovacic v. Villarreal*, 628 F.3d 209, 211-12 (5th Cir. 2010); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994). The standard is demanding. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79, 137 S.Ct. 548, 196 L.Ed.2d 463 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id*. Thus, failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.*; *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017).

18. Defendant Price is entitled to qualified immunity because Plaintiff has failed to plead a violation of a clearly established constitutional right.

## IV.   ARGUMENT AND AUTHORITIES

**A.   Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against Kenneth Price.**

19. "Section 1983 is not a general tort remedy available to 'all who suffer injury at the hands of the state or its officers.' " *Waddleton v. Rodriguez*, 750 F. App'x 248, 252 (5th Cir. 2018) (per curiam) (quoting *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981)). To state a claim under Section 1983, " 'a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States.' " *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 241

6

(5th Cir. 2021) (per curiam) (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)).

20. **Fourth Amendment Claim for Unlawful Arrest**. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV (emphasis added). "Because arrests are 'seizures' of 'persons,' they must be reasonable under the circumstances." *District of Columbia v. Wesby*, – –– U.S. ––––, 138 S. Ct. 577, 585, 199 L. Ed. 2d 453 (2018) (citing *Payton v. New York*, 445 U.S. 573, 585, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980)). Under Fifth Circuit precedent, courts "[determine] whether an officer was objectively reasonable after taking into account the totality of the circumstances at the time the arrests were made." *Crostley v. Lamar Cty., Texas*, 717 F.3d 410, 423 (5th Cir. 2013) (citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964); *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)).

21. An arrest is unlawful unless there is a warrant for the arrest or probable cause at the time of the arrest. See, e.g., *Freeman*, 483 F.3d at 411. Because there was a warrant for Plaintiff Parker's arrest, the arrest of Parker was lawful. Plaintiff has not alleged a Fourth amendment violation against Kenneth Price. Plaintiff's assertion that she was arrested and held pursuant to officers acting on a warrant shows no clearly established right was violated. Plaintiff has not pled a plausible claim for a constitutional violation and Price is entitled to the defense of qualified immunity.

22. **Fourth Amendment Claim for Unlawful Search.** The Supreme Court has "consistently held that the entry into a home to conduct a search or make an arrest is unreasonable ... unless done pursuant to a warrant" except when exigent circumstances are present. *Steagald v. United States*, 451 U.S. 204, 211–12, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981). Furthermore, the Court has stated

that "for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Plaintiff alleges Price and other men entered her house without her consent. However, Plaintiff fails to plead the entirety of the facts that transpired that day. The plaintiff leaves out the fact that the officers were attempting to serve an arrest warrant on the primary subject, John Taylor, who the deputies had reason to believe was inside of the residence. Because Price and the other officers had a valid arrest warrant for John Taylor and believed him to be in the residence, Price did not violate a clearly established right and is entitled to qualified immunity.

23.     **Conspiracy Claim.**  To state a conspiracy claim under § 1983, a plaintiff must allege facts to support "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), abrogated on other grounds as recognized by *Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992). A plaintiff must also show that the defendants agreed to commit actions that violated his or her constitutional rights. *Lewis v. Law–Yone*, 813 F.Supp. 1247, 1256 (N.D. Tex. 1993) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) ) (emphasis added). A bald allegation that a conspiracy exists, unsupported by any factual allegations, is insufficient. *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987); see also *Green v. State Bar of Tex*., 27 F.3d 1083, 1089 (5th Cir. 1994) (stating that a plaintiff is required to allege facts sufficient to suggest an agreement among one or more parties).

24.     Allegations of conspiracy without facts demonstrating prior agreement between defendants cannot survive a motion to dismiss. See *Hey v. Irving*, 161 F.3d 7, *3 (5th Cir. 1998) (holding that

"plaintiffs' bare conclusory allegation that '[a]ll three defendants demonstrated a meeting of the mind' absent any specific facts showing that the defendants reached an agreement to violate their rights, is not sufficient to plead a § 1983 conspiracy").

25. Plaintiff alleges Defendant Price conspired with other law enforcement officers to carry out her illegal kidnapping and false imprisonment. (Dkt. 26, ¶42). Plaintiff's conspiracy claim is based off conclusory allegations and Plaintiff cannot show an actual violation of section 1983 by Defendant Price). Plaintiff has failed to state a conspiracy claim against Price and this claim against Price should be dismissed as a matter of law.

**B.      Plaintiff's State Law Claims.**

26. The Texas Tort Claims Act ("TTCA"), Texas Civil Practice and Remedies Code § 101.057, waives sovereign immunity for some torts, but not for claims arising out of an intentional tort, and specifically not for claims "arising out of assault and battery, false imprisonment, or any other intentional tort." *Texas Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (emphasis added). See also *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir.1993) (holding intentional infliction of emotional distress claim was barred by sovereign immunity because it was not one of the claims waived by the Texas Tort Claims Act.).

27. Under the election-of-remedies provisions of the TTCA, a plaintiff who sues under the TTCA must elect between suing a governmental unit and suing an employee of that unit. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106; *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462 (5th Cir. 2010). If he sues the governmental unit, the suit "constitutes an irrevocable election" by him and "bars any suit or recovery by [him] against any individual

9

employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). The TTCA specifically provides that:

> (e) If a suit is filed under this chapter against both a governmental unit and *614 any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.
>
> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id*. at § 101.106(e), (f) (emphasis added). "Although recognized as a harsh grant of immunity, [§ 101.106] serves the purpose of protecting government employees from individual liability for acts or omissions where a claim based upon the same facts is made against their employers." *Jackson v. Dallas Indep. Sch. Dist.*, No. 3:98-CV-1079-D, 1999 WL 58846, at *5 (N.D. Tex. Feb. 1, 1999) (internal quotation marks and citation omitted), aff'd, 232 F.3d 210 (5th Cir. 2000) (unpublished table decision) (per curiam); accord *Dorward v. Ramirez*, 2009 WL 2777880, at *14 (citing *Jackson*, 1999 WL 58846, at *5). The election-of-remedies provisions in § 101.106 cover all state tort claims, whether intentional or negligent, and whether brought under common law or the TTCA. *Bustos*, 599 F.3d at 463–64.

10

28. Plaintiff alleges claims that fall under the TTCA and state common law against governmental employees as well as against their employing governmental unit, regarding the same subject matter. By suing the County, Plaintiff has made an irrevocable election of remedies and is barred from suing Defendant Kenneth Price regarding the same subject matter.

**C.   Official Immunity for State Law Claims.**

29. Further, government officials, such as Kenneth Price, are entitled to official immunity for (1) the performance of their discretionary duties (2) conducted within the scope of their authority (3) provided they act in good faith. *Telthorster*, 92 S.W.3d at 461; *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). The nonmovant must show that "no reasonable official could have thought that the facts were such that they justified the official's conduct." *Chambers*, 883 S.W.2d at 657; *Kassen*, 887 S.W.2d at 9. Stated differently, the nonmovant must show that a public official in the same position "could not have reasonably reached the decision in question." *Chambers*, 883 S.W.2d at 657 n. 7. In other words, the focus is on whether a reasonable official in light of the information possessed by the defendants at the time they acted could have believed the actions were justified. *Ballantyne*, 144 S.W.3d at 426; *Wadewitz*, 951 S.W.2d at 467; *Chambers*, 883 S.W.2d at 656; *Rhodes v. Torres*, 901 S.W.2d 794, 800 (Tex.App.-Houston [14th Dist.] 1995, no writ). Because Plaintiffs have pled no plausible facts to show that Kenneth Price did not perform his discretionary duties in good faith, he is entitled to official immunity on the state law claim.

11

## V.   CONCLUSION

30.   For the reasons stated herein, Plaintiff has failed to state any plausible claim upon which relief can be granted against Price.  Accordingly, Price is entitled to dismissal of Plaintiffs' claims as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Kenneth Price requests that the Court grant his motion and enter an order dismissing Plaintiff's claim against him and grant all other relief to which he is entitled.

Date: August 4, 2025.

        Respectfully submitted,

        **CHRISTIAN D. MENEFEE**
        HARRIS COUNTY ATTORNEY

        **JONATHAN G. C. FOMBONNE**
        DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

        **NATALIE G. DELUCA**
        MANAGING COUNSEL,
        DEFENSIVE LITIGATION, EMPLOYMENT, &
        REAL ESTATE DIVISIONS

By:   */s/ Gregory Burnett*
        **GREGORY BURNETT**
        Assistant County Attorney
        ATTORNEY-IN-CHARGE
        State Bar No. 24057785
        Fed. Bar No. 3785139
        Tel: (713) 274-5224 (direct)
        gregory.burnett@harriscountytx.gov

        **OFFICE OF THE HARRIS COUNTY ATTORNEY**
        1019 Congress Street
        Houston, Texas 77002

        **ATTORNEYS FOR KENNETH PRICE**

**CERTIFICATE OF SERVICE**

      I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

                                                   */s/ Gregory Burnett*
                                                   GREGORY BURNETT