## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LENISHA J PARKER,** | § | |
| *PLAINTIFF,* | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **4:25-cv-01075** |
| | § | |
| **V.** | § | |
| | § | |
| **KENNETH D. PRICE** | § | |
| **A/K/A DANIEL PRICE, et** | § | |
| **al.,** | § | |
| *DEFENDANTS,* | § | |
| | § | |

### PLAINTIFF'S RESPONSE TO KENNETH PRICE'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Lenisha Parker files this Response to Defendant Kenneth Price's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 28. In support of the said motion, Plaintiff would respectfully show the Court as follows:

### INTRODUCTION

Plaintiff has plausibly alleged constitutional violations under the Fourth and Fourteenth Amendments, conspiracy under § 1983, and state-law torts. Price's motion to dismiss relies on disputed facts, such as whether valid warrants existed. On the pleadings, those disputes must be resolved in Plaintiff's favor.

1

## TABLE OF CONTENTS

**INTRODUCTION**    **1**

**TABLE OF CONTENTS**    **2**

**TABLE OF AUTHORITIES**    **2**

**II. FACTUAL BACKGROUND AND STAGE OF PROCEEDINGS**    **3**

**III. STATEMENT OF ISSUES**    **4**

**STANDARD OF REVIEW**    **4**

    Rule 12(b)(6).    4

**IV. ARGUMENT AND AUTHORITIES**    **4**

    A. Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against Kenneth Price.    4

    B. Fourth Amendment Search    5

    C. Due Process and Prolonged Detention    5

    D. Conspiracy    5

    E. Qualified Immunity    6

    F. State Law Claims    6

    G. Request for Discovery under 12(d) Motion    6

**IV. Conclusion**    **7**

## TABLE OF AUTHORITIES

| Case | | Page(s) |
|---|---|---|
| Ashcroft v. Iqbal | 556 U.S. 662 (2009) | 4, 5 |
| Beck v. Ohio | 379 U.S. 89 (1964) | 5 |
| Bell Atl. Corp. v. Twombly | 550 U.S. 544 (2007) | 4, 5 |
| Harlow v. Fitzgerald | 457 U.S. 800 (1982) | 4 |
| Monell v. Dep't of Soc. Servs. | 436 U.S. 658 (1978) | 5 |
| Payton v. New York | 445 U.S. 573 (1980) | 5 |

| | | |
|---|---|---|
| Pearson v. Callahan | 555 U.S. 223 (2009) | 4 |
| Steagald v. United States | 451 U.S. 204 (1981) | 5 |
| Trinity Marine Prods., Inc. v. United States | 812 F.3d 481 (5th Cir. 2016) | 6 |
| Isquith ex rel. Isquith v. Middle S. Utils., Inc. | 847 F.2d 186 (5th Cir. 1988) | 6 |

## II. FACTUAL BACKGROUND AND STAGE OF PROCEEDINGS

Plaintiff was arrested in January 2023 by Price, who approached her in a Chipotle parking lot without identifying himself. *Id.* ¶9    She contends he fabricated the existence of a Tarrant County warrant, drove her to her from in the back of a car handcuffed, searched her body and purse without her consent to access the keys to her home, searched her home without consent, jailed her without booking records, and forced her to pay a $5,000 on a bond no charges or warrants in existence for her arrest.*Id.* ¶6. Parker was detained for three days, suffering invasive body searches.*Id.* ¶7 She and her family were stalked by Price in the months following her release.*Id.*    45

Plaintiff asserts claims under 42 U.S.C. § 1983 for unlawful arrest, unlawful search, conspiracy, and due process violations, as well as municipal liability claims against Harris County and Sheriff Ed Gonzalez.Dkt.16 He also brings Texas state-law claims for false imprisonment, trespass, abuse of process, and intentional infliction of emotional distress.*Id.*

Price denies these allegations, contending he lawfully arrested Parker pursuant to outstanding warrants. *Id.* 28. This is false. He moved to dismiss under Rule 12(b)(6), asserting qualified immunity. The district court should deny the motion.*Id.*.

3

### III. STATEMENT OF ISSUES

Whether Plaintiffs have sufficiently pleaded constitutional and statutory claims against Kenneth D Price  to overcome the assertion of qualified immunity.

### STANDARD OF REVIEW

*Rule 12(b)(6).*

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must construe well-pleaded factual allegations in the light most favorable to the plaintiff, but legal conclusions are not entitled to such deference.

 Qualified immunity protects government officials performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

### IV. ARGUMENT AND AUTHORITIES

#### A. Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against  Kenneth Price.

Price argues Plaintiff cannot state a Fourth Amendment claim because she was arrested pursuant to valid warrants. But no warrant existed, and that Price later admitted as much. . Id. ¶64. Her account is corroborated by the March 21, 2024 letter from the Tarrant County

4

District Attorney confirming no pending cases against her. *Id.* 48. these facts as true, Plaintiff plausibly alleges seizure without probable cause or valid warrant. This suffices to state a Fourth Amendment violation.

### B. Fourth Amendment Search

Plaintiff pleaded Price and others entered her home without her consent and without a warrant, using keys taken from her purse. *Id.* 19-20 Price contends exigent circumstances existed because they were searching for a fugitive, John Taylor. These are facts not pleaded. At this stage, however, the Court cannot credit competing factual assertions. The amended complaint plausibly alleges a warrantless, non-consensual home entry and search. *Payton v. New York,* 445 U.S. 573 (1980).

### C. Due Process and Prolonged Detention

Plaintiff claims she was jailed for three days without booking or formal charges. If proven, such allegations establish a due process violation under the Fourteenth Amendment. Price does not meaningfully rebut this claim beyond asserting the existence of warrants, which Plaintiff disputes. He points to an assertion the he made that there was a warrant, but no actual warrant itself. Dkt.28..

### D. Conspiracy

Price argues Plaintiff's § 1983 conspiracy claim is conclusory. Plaintiff pleads specific joint actions with bail bondsmen and other officers, including the coordinated arrest, transport, and home search. These factual assertions plausibly suggest a "meeting of the minds." At the

pleading stage, her conspiracy claim survives.

### E. *Qualified Immunity*

Accepting Plaintiff's allegations as true, no reasonable officer could have believed seizing a woman in a parking lot without identifying himself, entering her home without consent, and fabricating warrant paperwork was lawful. Qualified immunity turns on whether Price's conduct violated clearly established rights. The Fourth Amendment right to be free from arrest without probable cause and from warrantless home entry absent exigency has long been clearly established. *Beck v. Ohio*, 379 U.S. 89 (1964), *Steagald v. United States,* 451 U.S. 204 (1981).  At this stage, Price is not entitled to qualified immunity. No reasonable officer could believe seizing a woman in a parking lot without identifying himself, entering her home without consent, fabricating paperwork, and detaining her without charges was lawful. The Fourth Amendment right to be free from arrest without probable cause and warrantless home entry absent exigency has long been clearly established. *Beck v. Ohio*, 379 U.S. 89 (1964); *Steagald v. United States*, 451 U.S. 204 (1981). Price is not entitled to qualified immunity on these facts.

### F. *State Law Claims*

Price argues the Texas Tort Claims Act bars Plaintiff's state-law claims because Harris County is also a defendant. However, Plaintiff pleaded Price acted ultra vires and outside the scope of lawful authority, including impersonating another officer, fabricating warrants, and conspiring with bail bondsmen. Dkt.    26   At this stage, the allegations are sufficient to

preserve the intentional tort claims against Price individually should suffice

### G. Request for Discovery under 12(d) Motion

Defendant presented evidence outside of the pleadings. Dkt 28. Defendant intends for the court to consider these matters in deciding the motion to dismiss. Id.   If these exhibits and facts are considered the motion must be treated as a summary judgment motion. *Trinity Marine Prods., Inc. v. United States,* 812 F.3d 481, 487 (5th Cir. 2016) (citations omitted) (recognizing conversions may occur implicitly).If matters beyond these are presented, the court has "complete discretion" to exclude them. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 193 n.3 (5th Cir. 1988) (citations omitted). On the other hand, "[i]f . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion". Fed. R. Civ. P. 12(d). Plaintiff requests opportunity to present all the material that is pertinent to the motion through discovery in the form of depositions of the defendant and facts witnesses, expert testimony, written discovery.


### IV. Conclusion

For the aforementioned reasons, Plaintiff respectfully requests that this court deny Defendant's Motion to Dismiss. Plaintiff has plausibly alleged constitutional violations under the Fourth and Fourteenth Amendments, conspiracy under § 1983, and state-law torts.

Price's motion to dismiss relies on disputed facts, such as whether valid warrants existed. On the pleadings, those disputes must be resolved in Plaintiff's favor.

Should the Court see fit to grant Motion to Dismiss in whole or in part, Plaintiff respectfully requests the opportunity to repled to add additional facts discovered, as it would not be futile, there will be no delay, and the defendants would not be prejudiced. Plaintiffs also further pray the court to deny the converted 12(d) motion for summary judgment, and disregard the facts and evidence integrated in the 12(b)(b) since Plaintiff should be genuine issue of material facts are in dispute, namely on the issue of qualified immunity.

Respectfully submitted,
By: /s/ U.A. Lewis
U.A. Lewis
Texas State Bar No. 24076511
Federal Bar Number 1645666
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
F: (713) 581-1017
myattorneyatlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and the foregoing document has been sent to all known counsel by e-service/ECF, first class mail, electronic mail, telecopy, hand delivery, and/or certified mail, return receipt requested on all parties of record who have made an appearance in this case on the date of this filing August 25, 2025.

/s/ U.A. Lewis

8

U.A. Lewis