| | | |
|---|---|---|
| LENISHA J. PARKER, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-01075 |
| | § | |
| BETTER NOW THAN LATER | § | |
| BAIL BOND, LISA GAIL PORTER, | § | |
| AND DANIEL PRICE, | § | |
| *Defendants.* | § | |

**DEFENDANTS HARRIS COUNTY AND SHERIFF ED GONZALEZ'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants HARRIS COUNTY, TEXAS (hereafter "Harris County or the County") and

SHERIFF ED GONZALEZ file this Reply to Plaintiff's Response to their Motion to Dismiss

Plaintiffs' First Amended Complaint and in support would respectfully show the Court as follows:

**I. INTRODUCTION**

1. Harris County incorporates by reference all arguments and authorities set forth in its

Motion to Dismiss (Dkt. 42). Plaintiff's Response (Dkt. 44) fails to cure the fundamental legal

deficiencies raised in Harris County's Motion to Dismiss.

2. Plaintiff's § 1983 claims against Harris County and Sheriff Ed Gonzalez are time-barred

and otherwise fail to allege a plausible constitutional violation or *Monell* basis for municipal

liability. Plaintiff's response disregards controlling Fifth Circuit precedent regarding statutes of

limitations, particularly *Wallace v. Kato*, 549 U.S. 384 (2007); *Jenkins v. Tahmahkera,* 151 F.4th

739, 749 (5th Cir. 2025); *Balle v. Nueces County*, 952 F.3d 552 (5th Cir. 2017), and relies instead

on pre-*Wallace* opinions. *See also Harvey v. Cotten*, 2024 WL 3264509 (N.D. Tex. July 1, 2024).

3.      This case arises from Plaintiff's January 2023 arrest pursuant to an out-of-county felony warrant. (Dkt. 26, p.2). Plaintiff first filed suit in September 2024 against private bail bond defendants. She did not name Harris County or Sheriff Ed Gonzalez until filing an amended petition on January 27, 2025; more than two years after the incident.

4.      Plaintiff first served Harris County on February 24, 2025. (Dkt. 1-1). After removal on March 11, 2025, Plaintiff voluntarily dismissed Harris County on April 9, 2025 rather than respond to its pending motion to dismiss. *See* Dkt. 6, 9, and 10.

5.      Plaintiff requested new summons for Harris County on May 9, 2025, filed a First Amended Complaint on July 21, 2025, and did not request summons for Sheriff Gonzalez until September 2, 2025.

6.      Harris County was re-served, and Sheriff Gonzalez was served for the first time, on September 11, 2025; more than eight months after the statute of limitations expired and nearly a year after suit was first filed.

7.      Plaintiff now seeks to revive her untimely claims against Harris County and Sheriff Gonzalez through Rule 15(c) relation back and equitable tolling; arguments Plaintiff raised for the first time in her Response to Defendant's Motion to Dismiss. Plaintiff's cursory arguments fail as a matter of law under the authorities cited above.

## II. PLAINTIFF'S CLAIMS ARE TIME-BARRED AND NOT SAVED BY RULE 15 OR EQUITABLE TOLLING

8.      "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 674 (5th Cir. 2025); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

9. Most importantly, Plaintiff has failed to offer the Court any tolling theory that could save her claims. In fact, with the exception of conclusory arguments in her Response to Defendants' Motion to Dismiss, Defendants are unaware of any arguments made by Plaintiff that tolling or relation back should apply. Plaintiff's First Amended Complaint is silent as to tolling and "fails to raise some basis for tolling or the like." *Id.*

10. Further, Plaintiff's response never grapples with the fundamental timing problem. This is a § 1983 case arising from a January 2023 arrest. Plaintiff never overcomes the basic limitations rules that govern § 1983 cases filed in Texas. Plaintiff, in her response, incorrectly relies on pre-*Wallace* law to state that the "diligence-in-service requirement does not apply to § 1983 claims in federal court." (Dkt. 44).

11. The Supreme Court has made clear that while accrual of a § 1983 cause of action is governed by federal law, both the statute of limitations and the rules governing tolling are borrowed from state law. *Wallace v. Kato*, 549 U.S. 384, 395 (2007) ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations.") (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989); *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484–86 (1980)).

12. The Fifth Circuit just reiterated the same point this year; because Texas's two-year personal-injury period is borrowed for § 1983, "Texas'[s] equitable tolling principles also control." *Jenkins v. Tahmahkera*, 151 F.4th 739, 749 (5th Cir. 2025) (quoting *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (citing *Bd. of Regents of Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 485, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)).

13. *Jenkins* also confirms that a complaint is "subject to dismissal" when it shows on its face that the claim is late and the plaintiff "fail[s] to raise some basis for tolling." *Id*. at 8 (citing *Frame*

3

*v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011)). Texas gives Plaintiff two years, Tex. Civ. Prac. & Rem. Code § 16.003(a); it requires diligence in serving defendants; and it does not recognize the kind of open-ended, *Heck*-style tolling Plaintiff is asking for.

14.     Based on her own chronology, Plaintiff filed against other parties in 2024, waited until January 27, 2025 to name Harris County and Sheriff Gonzalez, voluntarily dismissed the County in April 2025, and did not actually serve the Sheriff until September 11, 2025 at the same time she re-served Harris County; that sequence does not toll limitations under Texas law, and Rule 15(c) cannot revive her claims through relation back. *See Jenkins v. Tahmahkera*, 151 F.4th 739, 749 (5th Cir. 2025).

15.     In Texas, § 1983 actions borrow the two-year limitations period for personal-injury claims, Tex. Civ. Prac. & Rem. Code § 16.003(a), together with Texas's due-diligence requirement for service. As *Harvey v. Cotten* explains, that diligence rule applies with full force to § 1983 claims filed in federal court, and "tolling of the statute of limitation may occur after filing suit prior to serving a defendant only if a plaintiff exercises continuous diligence to serve the defendant." *Harvey v. Cotten*, No. 4:24-CV-00070-O, 2024 WL 3264509, at *2 (N.D. Tex. July 1, 2024) citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). Merely filing within the limitations period is not enough; service must also be pursued with reasonable diligence or the action "is untimely as a matter of law." *Id.* at *3*.

16.     Here, Plaintiff's conduct mirrors the plaintiff's in *Harvey*. She filed suit in September 2024 without naming Harris County or Sheriff Gonzalez, waited until January 2025, after the two-year period expired, to add them, voluntarily dismissed the County in April 2025, and then waited until September 2025 to serve the Sheriff and re-serve the County. Under *Harvey*, such a "stop-and-

start approach" to service does not toll limitations. Because Texas does not recognize tolling for lack of diligence or voluntary dismissal, Plaintiff's claims are time-barred.

17. **Relation-Back and Equitable Tolling.** Even if Plaintiff could avoid dismissal under *Harvey's* due diligence analysis, and even if Plaintiff had pled some basis for tolling, her claims would still fail because neither Rule 15(c) nor equitable tolling can revive them once limitations has expired. The Fifth Circuit in *Jenkins v. Tahmahkera*, 151 F.4th 739 (5th Cir. 2025), reaffirmed that § 1983 plaintiffs cannot use procedural devices to resuscitate expired claims. *Jenkins* squarely held that because § 1983 actions borrow both Texas's two-year limitations period and its equitable-tolling principles, "a plaintiff who allows the limitations clock to run cannot revive her claim through amendment." *Id*. at 749–50 (citing *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998)). Texas law simply does not permit "relation back" to supply tolling where a plaintiff knowingly omits a party (or in this case voluntarily dismisses a party) and later seeks to add them.

18. *Jenkins* makes clear that neither relation-back nor equitable tolling can save claims where, as here, the plaintiff knew the relevant facts, omitted the defendants, and later tried to re-add them after limitations expired. *Jenkins v. Tahmahkera*, 151 F.4th 739, 748–51 (5th Cir. 2025).

## III. PLAINTIFF'S REMAINING THEORIES STILL FAIL AS A MATTER OF LAW

19. **Plaintiff's Official-capacity claim against Sheriff Gonzalez is duplicative.** Plaintiff's own pleading alleges that "Sheriff Ed Gonzalez is sued in his official capacity." (Dkt. 26, p. 2) A suit against a municipal employee in his official capacity is treated as a suit against the municipality itself. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Because Plaintiff has sued Harris County, the official-capacity claim against Sheriff Gonzalez adds nothing and should be dismissed as duplicative. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

20.     **Plaintiff still has not pled a *Monell* claim.** Plaintiff's response attempts to cure her *Monell* deficiencies by reciting that Deputy Price had a 90-day suspension, that he was on a Brady list, and that "similar" arrests were dismissed. (Dkt. 44, pp. 9–12). Those assertions—untethered to any facts identifying an official policy, longstanding custom, or policymaker decision—are precisely the type of "threadbare recitals" rejected by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

21.     For municipal liability under §1983 a plaintiff must prove: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom. *Fuentes v. Nueces Cnty.*, 689 Fed. Appx. 775, 777 (5th Cir. 2017).  This stringent standard "requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010).

22.     Plaintiff's pleading does none of these. Listing one deputy's disciplinary record or scattered arrests dismissed for lack of probable cause does not show a *pattern of similar constitutional violations*. *See Peterson v. City of Fort Worth*, 588 F.3d 383, 851 (5th Cir. 2009) ("a pattern requires similarity and specificity; prior indications cannot be for any and all bad or unwise acts, but rather must point to the specific violation in question"). *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009). As *Campbell* explains, "Isolated violations are not the persistent, often repeated constant violations that constitute custom or policy as required for municipal section 1983 liability." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).

23.     **No Deliberate Indifference.** Plaintiff's First Amended Complaint still offers no plausible factual allegations showing deliberate indifference or causation by Harris County or Sheriff Gonzalez. The County cannot be held vicariously liable under § 1983, and generalized assertions that officials "failed to train or supervise" do not satisfy the stringent *Monell* standard. *Davidson*

*v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017). Plaintiff points to no facts suggesting that a final policymaker knew of and disregarded a specific risk of constitutional violations; she relies only on labels and conclusions. Absent factual allegations showing deliberate municipal action that was the moving force behind a constitutional injury, her claims against Harris County and Sheriff Gonzalez fail as a matter of law.

24.     **Policymaker.** A plaintiff must plead facts from which the court can reasonably infer that "the challenged policy was promulgated or ratified by the [County's] policymaker." *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016).  Plaintiff identifies Sheriff Ed Gonzalez as a Harris County policy-maker (DE 26). However, Plaintiff has pleaded no facts that Sheriff Ed Gonzalez was ever personally involved in developing policies which Plaintiff complains caused a violation of Plaintiff's federal constitutional rights.

25.     **No County Policy or Custom.** Plaintiff's response still identifies no official Harris County policy, regulation, or written directive that caused her alleged injury. Her theory rests on conclusory statements that the County "tolerated" unconstitutional arrests or "failed to supervise" deputies; allegations that are not entitled to an assumption of truth. *Vouchides v. Houston Cmty. Coll. Sys.*, No. H-10-2559, 2011 WL 4592057, at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.). As in *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), these are legal conclusions masquerading as factual assertions. Absent factual allegations identifying a policy that was officially adopted or promulgated with deliberate indifference by a final policymaker, Plaintiff's *Monell* claim fails as a matter of law.

26.     **Supervisory Liability and Failure to Train.** Plaintiff's response recycles the same supervisory and failure-to-train allegations without supplying the missing factual link between Sheriff Gonzalez and the alleged constitutional violation. She still does not allege that Gonzalez

personally participated in, directed, or approved Deputy Price's arrest of Plaintiff. Supervisory officials cannot be held liable under § 1983 on a theory of vicarious liability. *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001). Nor does she allege facts showing a causal connection between any act or omission by Gonzalez and the alleged constitutional deprivation. *Armstrong v. Symn*, 999 F.2d 1579 (5th Cir. 1993).

27.     **Ratification.** Plaintiff's ratification theory also fails. The Fifth Circuit limits ratification liability to "extreme factual situations," precisely to prevent it from becoming *respondeat superior*. Peterson v. City of Fort Worth, Tex., 588 F.3d 838, 848 (5th Cir. 2009). Plaintiff does not allege that a Harris County final policymaker reviewed all the facts of this incident and then approved the alleged unconstitutional basis for the arrest. Without a pleaded "manifestly indefensible" approval, ratification does not attach. See *Covington v. City of Madisonville*, 812 F. App'x 219, 228 (5th Cir. 2020).

28.     **Qualified Immunity.** Plaintiff in her response, now attempts to reframe her official-capacity claims against Sheriff Gonzalez as individual-capacity claims, but that shift finds no support in her pleadings. The First Amended Complaint expressly identifies Gonzalez as sued "in his official capacity" (Dkt. 26, p. 2) and alleges only policymaking and supervisory conduct; not any personal participation in the alleged arrest. A plaintiff cannot retroactively recast an official-capacity claim as an individual-capacity suit through a response brief. Because the pleadings contain no allegations of personal involvement or individual action under color of law, any newly asserted individual-capacity theory should be disregarded.

29.     Even if the Court were to construe Plaintiff's response as asserting a personal-capacity claim, Sheriff Gonzalez is entitled to qualified immunity. Qualified immunity shields Sheriff Gonzalez "from civil damages liability unless he violated a statute or constitutional right that was

8

clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). To determine whether a government official is entitled to qualified immunity the Court must determine, (1) whether the undisputed facts and disputed facts, accepting the plaintiffs' version of the disputed facts as true, constitute a violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of clearly established law. *Benfer v. City of Baytown*, 120 F.4th 1272, 1279 (5th Cir. 2024). See also *King v. Handorf*, 821 F.3d 650, 653-654 (5th Cir. 2016) and *Edwards v. Oliver*, 31 F.4th 925, 928-929 (5th Cir. 2022). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015); *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

### IV. CONCLUSION

For the reasons stated herein, Plaintiff has failed to state any plausible claim upon which relief can be granted against Harris County, Texas or Sheriff Ed Gonzalez. Plaintiff's own chronology shows her claims against Harris County and Sheriff Gonzalez are untimely; Plaintiff's First Amended Complaint pleads no tolling; and her response cannot use Rule 15(c) to revive expired claims. Separately, her *Monell*, failure-to-train, ratification, and duplicative official-capacity theories remain conclusory and do not satisfy Fifth Circuit pleading standards.

WHEREFORE, PREMISES CONSIDERED, for these reasons, and those set out in Defendants' Motion to Dismiss (Dkt. 42), Harris County and Sheriff Ed Gonzalez request that the Court dismiss all claims against Harris County and Sheriff Ed Gonzalez with prejudice, award the

County and Sheriff Gonzalez their attorney's fees and costs, and grant all other relief to which Defendants Harris County and Sheriff Gonzalez are entitled.

Date: October 31, 2025.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY
**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT
**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:     */s/ Joshua Green*
**JOSHUA GREEN**
Assistant County Attorney
ATTORNEY-IN-CHARGE
Texas Bar No. 24080915
Federal Bar No. 1428074
Tel: (713) 274-5229 (direct)
joshua.green@harriscountytx.gov
**JAMES C. BUTT**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Street
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANTS HARRIS
COUNTY AND SHERIFF ED GONZALEZ**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Joshua Green*
JOSHUA GREEN

10