**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LENISHA J PARKER,** | § | |
| *PLAINTIFF,* | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:25-cv-01075** |
| | § | |
| **ALLEGHANY INSURANCE** | § | |
| **COMPANY, et al.,** | § | |
| *DEFENDANTS,* | § | |

## PLAINTIFF OBJECTION TO DEFENDANT KENNETH PRICE'S EVIDENCE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Lenisha Parker files this as her objection to Defendant Kenneth Price's Supplemental evidence and moves to strike Exhibit 4, or in the alternative, grant discovery pursuant to Rule 12(d). In support of the said motion, Plaintiff would respectfully show the Court as follows:

## I. ARGUMENT AND AUTHORITIES

### I. *The Warrant Return Is Not Properly Authenticated*

Defendant has not met the threshold requirement of authentication under Federal Rule of Evidence 901. The copy attached as Exhibit 4 (Bates 0037) contains handwritten entries stating that the warrant "*came to hand*" and was "executed" on April 20, 2023, nearly three

months after Plaintiff's undisputed January 27, 2023, arrest. There was no separate April arrest.

Defendant has provided no sworn affidavit from the issuing clerk, no certification under Rule 902, no testimony from the alleged executing officer, and no evidence establishing that the document is a true and correct copy of the operative warrant in effect on January 27, 2023. Nor has Defendant explained when or by whom the handwritten return entries were made.

Because the warrant is offered to prove that a valid, operative warrant existed and was executed at the time of arrest, and because its execution date directly conflicts with the arrest date, Plaintiff objects to its admissibility under Rule 901 and to its use for the truth of the matters asserted. The document is hearsay if offered to establish that the warrant was executed on a particular date, and no foundation has been laid for any exception.

## II. The Motion Must Be Converted Under Rule 12(d)

Defendant's materials outside the pleadings, the purported Fort Worth warrant and its handwritten return, to establish that Plaintiff's arrest was supported by a valid warrant and therefore shielded by qualified immunity. Because Defendant relies on extrinsic documents to negate the complaint's allegations, the motion cannot be resolved under Rule 12(b)(6) unless those materials are excluded. Fed. R. Civ. P. 12(d). The motion must be converted to one for summary judgment, and Plaintiff must be afforded a reasonable opportunity for discovery.

***III. The April 20, 2023, Came Into Hand and Execution Date Conflicts With the January 27, 2023, Arrest***

The Harris County arrest and intake records establish the Arrest date: January 27, 2023, Booking time: 1/27/23 at 13:00, Arresting officer: Kenneth Price

The warrant return, however, states that it "came into hand" and was executed on April 20, 2023.

Under Texas Code of Criminal Procedure art. 15.26, a warrant is executed when the defendant is arrested pursuant to it. If the warrant was executed on April 20, 2023, then Plaintiff was not arrested under that warrant on January 27, 2023. Conversely, if Plaintiff was arrested under that warrant on January 27, then the return is clearly inaccurate and cannot be relied upon for its truth or authenticity.

Either way, the documents conflict. That conflict creates a material factual dispute regarding

whether Plaintiff was actually seized pursuant to a valid, operative warrant on January 27, 2023.

### IV. The Non-Prosecution Letter Further Undermines Defendant's Warrant Theory

The March 21, 2024, letter from the Tarrant County Criminal District Attorney confirms, "There are currently no criminal cases pending against Lenisha Parker in the Tarrant County district or county criminal courts." This letter is significant for two reasons:

1. It confirms that no prosecution was pursued under the purported warrant.

2. It supports Plaintiff's allegation that the warrant was either invalid, inactive, improperly executed, or otherwise not operative in a manner consistent with lawful seizure.

While the letter does not alone establish that no active warrant existed on January 27, 2023, it reinforces the documentary inconsistency between the January arrest and the April execution date. Taken together, these materials create at a minimum a factual dispute regarding whether the warrant was active, confirmed, and properly executed at the time of seizure.

### V. Qualified Immunity Cannot Be Resolved on This Record

Qualified immunity protects officers who reasonably rely on a facially valid warrant in existence at the time of arrest. It does not protect reliance on Documents whose execution dates post-date the arrest; Records whose authenticity has not been established; or circumstances presenting internal documentary contradictions.

Here, Defendant asks the Court to accept as true that Plaintiff's arrest was supported by a valid warrant. But the only warrant offered contains a handwritten execution date that does not match the arrest date. That inconsistency prevents a determination, at the pleading stage,

that Defendant reasonably relied on an operative warrant.

At minimum, Plaintiff is entitled to discovery regarding when the warrant was confirmed in TCIC/NCIC; Who completed the April 20 return entries (since the signature is not legible); Whether the warrant was active on January 27, 2023; and whether extradition or confirmation procedures were followed.

These are factual issues that cannot be resolved on a motion to dismiss.

## II. CONCLUSION

Plaintiff requests that the court strike Defendant's Exhibit 4, alternatively, because Defendant relies on materials outside the pleadings to assert a qualified immunity defense, the Court must convert the motion to one for summary judgment under Rule 12(d) and permit Plaintiff a reasonable opportunity for discovery. Given the conflicting arrest date of January 27, 2023, warrant "came into hand" date of April 20, 2023, "execution" date of April 20, 2023, and the Tarrant County non-prosecution letter, there are genuine factual disputes regarding whether Plaintiff's arrest was supported by a valid, operative warrant. Those disputes preclude dismissal and preclude qualified immunity at this stage.

Respectfully submitted,
By:**/s/ U.A. Lewis**
U.A. Lewis
SBN: 24076511
FBN: 1645666
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
Phone: (713) 570-6555
Fax: (713) 581-1017
MyAttorneyAtLaw@gmail.com

Attorneys for the Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 23, 2026, I served a true and correct copy of the proceeding to all parties or counsel of record.

*/s/ U.A. Lewis*
*U.A. LEWIS*