| | | |
|---|---|---|
| LENISHA J. PARKER, | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:25-cv-01075 |
| | § | |
| BETTER NOW THAN LATER | § | |
| BAIL BOND, LISA GAIL PORTER, | § | |
| AND DANIEL PRICE, | § | |
| *Defendants.* | § | |

## DEFENDANT KENNETH PRICE'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT PRICE'S EXHIBIT 4

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant KENNETH PRICE files this Response to Plaintiffs' Motion to Strike Defendant Price's Exhibit 4. In support of the said response, Price would respectfully show the Court as follows:

## I. ARGUMENT AND AUTHORITIES

**A. A court can take judicial notice of warrants as they are often considered self-authenticating public records without converting a motion to dismiss into a motion for summary judgment.**

1. The Court may "take judicial notice of matters of public record." *Norris v. Hearst*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). In deciding a 12(b)(6) motion, it is proper for the Court to take judicial notice of the arrest warrant as a matter of public record. See *Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014) (per curiam) (approving the district court's decision to take judicial notice of two arrest warrants in the docket of an underlying criminal case in ruling on a 12(b)(6) motion); *Dent v. Methodist Health Sys.*, 2021 WL

1

75768, at *2 (N.D. Tex. Jan. 8, 2021) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)) (taking judicial notice of an arrest warrant attached to defendant's motion to dismiss because it "is a public record that was filed in the Tarrant County court and bears the seal and signature of the magistrate judge"); *Causey v. Parish of Pangipahoa*, 167 F. Supp. 2d 898, 906 (E.D. La. 2001) (taking judicial notice of an arrest warrant attached to the defendant's motion to dismiss a plaintiff's § 1983 false-arrest claim); *Scott v. White*, 2018 WL 2014093, at *3 (W.D. Tex. Apr. 20, 2018) (noting that "district courts in this circuit have taken judicial notice of arrest warrants for the purpose of deciding motions to dismiss under Rule 12(b)(6)" and collecting cases).

2.      The court may take judicial notice of matters of public record, and also take into account matters referenced in and attached to the plaintiff's complaint, without converting a motion to dismiss to a motion for summary judgment. See *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir.2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); see also *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citation and internal quotation marks omitted).

3.      Pursuant to Federal Rule of Evidence 902, certain "items of evidence are self-authenticating," meaning, "they require no extrinsic evidence of authenticity in order to be admitted." FED. R. EVID. 902. One such type of self-authenticating evidence includes "Domestic Public Documents That Are Sealed and Signed." FED. R. EVID. 902(1). Such

documents are ones that bear:

(A) a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States; the former Panama Canal Zone; the Trust Territory of the Pacific Islands; a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and

(B) a signature purporting to be an execution or attestation. FED. R. EVID. 902(1).

4.     Under Rule 902(1) of the Federal Rules of Evidence, arrest warrants are considered self-authenticating documents. The arrest warrants presented to the Court for consideration have the seal of the Municipal Court of Fort Worth, Texas and are signed by the Magistrate Judge In and For Tarrant County, Texas. The arrest warrants do not have to be accompanied by an affidavit from the issuing clerk or testimony from an executive officer. Because the documents conform to the requirements of Rule 902(1), the signed and sealed warrants are self-authenticating and require no extrinsic evidence of authenticity for admission or consideration by the Court.

5.     Plaintiff's contention that the arrest warrant was not executed until April 20, 2023—nearly three months after her January 27, 2023 arrest—is based on a misinterpretation of the record. The April 20, 2023 entry reflects not the execution of the warrant, but the warrant's return to the issuing court. A warrant return is an administrative filing that confirms the warrant has already been served and the named individual apprehended; it functions as a formal report back to the issuing judge that the warrant has been executed. Accordingly, the April 20, 2023 date documents the completion of this

3

ministerial step, not the timing of Plaintiff's arrest, and does not support Plaintiff's argument of delayed execution.

**B. Subsequent decision by District Attorney to not prosecute does not invalidate the warrant.**

6.      An arrest executed pursuant to a valid arrest warrant and the subsequent decision not to prosecute in the state courts does not invalidate such arrest, *United States v. Seay*, 5 Cir. 1970, 432 F.2d 395, 400. An arrest that is made pursuant to a valid warrant is lawful even if the officers are hoping to find evidence of another offense. *United States v. Jones*, 377 F.3d 1313, 1314 (11th Cir.2004). Moreover, the evidence is admissible even if the state which issued the warrant decides not to prosecute the defendant. *United States v. Moore*, 477 F.2d 538, 539 (5th Cir.1973).

7.      A subsequent decision not to prosecute does not retroactively invalidate the execution of a facially valid arrest warrant. The legality of an arrest pursuant to a warrant is assessed at the time of execution, based on whether the warrant was issued by a neutral magistrate upon probable cause and properly served. A non-prosecution letter reflects only a later discretionary determination by the prosecuting authority that it will not pursue charges; it does not negate the prior judicial finding of probable cause, nor does it suggest the warrant was void or improperly executed. Accordingly, the existence of a non-prosecution letter has no bearing on whether the warrant was validly executed on Plaintiff Parker at the time of arrest and does not undermine the lawfulness of the seizure.

## II.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Kenneth Price requests that the Court deny Plaintiff's Motion to Strike Defendant's "Exhibit 4". Defendant Price further requests the Court to take Judicial notice of "Exhibit 4" in consideration of his qualified immunity defense in his Motion to Dismiss.

Date: February 27, 2026.

Respectfully submitted,

By:    */s/ Gregory Burnett*
**GREGORY BURNETT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Street
Houston, Texas 77002

**ATTORNEY FOR KENNETH PRICE**

## <u>CERTIFICATE OF SERVICE</u>

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Gregory Burnett*
GREGORY BURNETT