**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LENISHA J. PARKER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-01075** |
| | § | |
| **KENNETH D PRICE,** | § | |
| *Defendant.* | § | |

<u>**DEFENDANT KENNETH PRICE'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**</u>

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................ iii

I.    Statement of The Nature and Stage of Proceedings ................................................... 1

II.   Factual Background .................................................................................................... 2

III.  Statement of Issues and Standard of Review ............................................................ 2

      A. Statement of Issues. ............................................................................................ 2

      B. Standard of Review. ............................................................................................ 2

IV.   Argument ................................................................................................................... 3

      A. Plaintiff's State Law Claims ............................................................................... 3

      B. Texas Tort Claims Act. ....................................................................................... 8

      C. Official Immunity for State Law Claims. .......................................................... 10

      D. Dismissal With Prejudice is Appropriate. ......................................................... 11

V.    Conclusion ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................ 2, 7

*Avalos v. Mejia*,
  788 S.W.2d 645 (Tex.App.-Corpus Christi 1990, no writ) ........................................................ 3

*Ballantyne v. Champion Builders, Inc.*,
  144 S.W.3d 417 (Tex. 2004) ................................................................................................ 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 2, 7

*Bustos v. Martini Club, Inc.*,
  599 F.3d 458 (5th Cir. 2010) ............................................................................................ 8, 9

*Chambers-Liberty Cntys. Navigation Dist. v. State*,
  575 S.W.3d 339 (Tex. 2019) ................................................................................................ 5

*City of El Paso v. Heinrich*,
  284 S.W.3d 366 (Tex. 2009) ................................................................................................ 5

*City of Lancaster v. Chambers*,
  883 S.W.2d 650 (Tex.1994) ................................................................................................ 11

*Dangerfield v. Ormsby*,
  264 S.W.3d 904 (Tex.App.-Fort Worth 2008, no pet.) ............................................................ 3

*Dean v. Ford Motor Credit Co.*,
  885 F.2d 300 (5th Cir. 1989) ................................................................................................ 4

*Dorward v. Ramirez*,
  No. 3:09-CV-0018-D, 2009 WL 2777880 (N.D. Tex. Aug. 28, 2009) ...................................... 9

*Foman v. Davis*,
  371 U.S. 178 (1962) ........................................................................................................ 12

*Frias v. Hernandez*,
  142 F.4th 803 (5th Cir. 2025) .............................................................................................. 10

*Gillum v. City of Kerrville*,
  3 F.3d 117 (5th Cir.1993) .................................................................................................... 8

*Household Credit Servs., Inc. v. Driscol*,
  989 S.W.2d 72 (Tex. App.–El Paso 1998, pet. denied) .............................................................. 7

*Jackson v. Dallas Indep. Sch. Dist.*,
  No. 3:98-CV-1079-D, 1999 WL 58846 (N.D. Tex. Feb. 1, 1999) .............................................. 9

*James v. Brown*,
  637 S.W.2d 914 (Tex.1982) .................................................................................................. 3

*Kassen v. Hatley*,
  887 S.W.2d 4 (Tex. 1994) .................................................................................................. 11

*Kroger Tex. Ltd. P'ship v. Suberu*,
  216 S.W.3d 788 (Tex. 2006) ................................................................................................ 4

*Martinez v. English*,
  267 S.W.3d 521 (Tex.App.-Austin 2008, pet. denied) .............................................................. 3

*Moore v. Bushman*,
  559 S.W.3d 645 (Tex. App.–Houston [14th Dist.] 2018, no pet.) .............................................. 7

*Rhodes v. Torres*,
  901 S.W.2d 794 (Tex.App.-Houston [14th Dist.] 1995, no writ)..............................................11
*Telthorster v. Tennell*
  92 S.W.3d 457 (Tex. 2002) ......................................................................................................11
*Texas Dep't of Public Safety v. Petta*,
  44 S.W.3d 575 (Tex. 2001) ........................................................................................................8
*Twyman v. Twyman*,
  855 S.W.2d 619 (Tex. 1993) ......................................................................................................4
*Wadewitz v. Montgomery,*
  951 S.W.2d 464 (Tex. 1997) ....................................................................................................11
*Wal-Mart Stores, Inc. v. Odem*,
  929 S.W.2d 513 (Tex.App.-San Antonio 1996, writ denied)......................................................3
*Wal-Mart Stores, Inc. v. Rodriguez*,
  92 S.W.3d 502 (Tex.2002) ..........................................................................................................3
*Wilson v. Monarch Paper Co.*,
  939 F.2d 1138 (5th Cir. 1991) ....................................................................................................4
*Wornick Co. v. Casas*,
  856 S.W.2d 732 (Tex. 1993) ......................................................................................................4

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 85.003 ....................................................................................6
Tex. Civ. Prac. & Rem. Code Ann. § 101.106 ...........................................................................8, 9
Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a) ......................................................................8, 9
Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e) ...........................................................................10
Texas Civil Practice and Remedies Code § 101.057 .......................................................................8
Texas Code of Criminal Procedure Article 15.16...........................................................................5

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................1, 2, 12

**Other Authorities**

Restatement (Second) of Torts § 46 (1965).....................................................................................4

iv

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Kenneth Price respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all remaining claims in Plaintiff's Second Amended Complaint (Dkt. 64) for failure to state a claim upon which relief can be granted. The only claims remaining before this Court are Texas state law claims for: (1) ultra vires conduct; and (2) civil stalking under the Texas Civil Practice and Remedies Code. In support of the said motion, Price would respectfully show the Court as follows:

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. On March 17, 2026, the Court held a hearing on Defendant Kenneth Price's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 28).

2. On April 20, 2026, the Court entered an Order dismissing Plaintiff Lenisha Parker's claims against Defendant Price which concerned her arrest and the search of her home but denied the dismissal of her claims concerning alleged harassment and stalking (ECF No. 62). The Court ordered Plaintiff to file an amended complaint consistent with the scope of the Court's Order by May 11, 2026. *Id.* The Court further denied Defendant Harris County and Sheriff Ed Gonzalez's Motion to Dismiss Plaintiff's First Amended Complaint as moot. *Id.*

3. On May 11, 2026, Plaintiff Lenisha Parker filed her second amended complaint naming only Kenneth Price as a defendant (ECF No. 64). In her second amended complaint, the Plaintiff asserts state law claims against Kenneth Price concerning her arrest and search of her home under a theory of Ultra Vires Conduct. The Plaintiff also asserts a claim for Civil Stalking.

4. Defendant Kenneth Price now moves to dismiss Plaintiff's second amended complaint for failure to state a claim.

1

## II.    FACTUAL BACKGROUND

5.    Plaintiff alleges that Defendant Kenneth Price acted outside any lawful authority conferred upon him when he seized Plaintiff without a valid warrant, transported her in custody, searched her home without consent or a warrant, caused her to be held on charges and a warrant that did not exist. (ECF No. 64, ¶ 92). This Court has already adjudicated and dismissed Plaintiff's claims arising from the search and arrest.

6.    Plaintiff further alleges that Defendant Price later continued to surveil, follow, and harass her in conduct she characterized as stalking.

## III.    STATEMENT OF ISSUES AND STANDARD OF REVIEW

### A.    Statement of Issues.

7.    The issue to be ruled upon by the Court regarding Kenneth Price is:

  (a)    Whether Plaintiff has stated a claim upon which relief can be granted against Kenneth Price?

### B.    Standard of Review.

8.    **Rule 12(b)(6).**  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. While a court accepts well-pleaded factual allegations as true, it does not accept legal conclusions couched as factual allegations, nor does it accept "formulaic recitation of the elements" of a cause of action. *Twombly*, 550 U.S. at 555. A complaint that offers mere "labels and conclusions" or "naked assertions devoid of further factual enhancement" must be dismissed. *Iqbal*, 556 U.S. at 678.

## IV.    ARGUMENT

### A.    Plaintiff's State Law Claims.

9.    **False Imprisonment.** To establish false imprisonment, Parker must show that there has been a (1) willful detention, (2) without consent, and (3) without authority of law. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 909 (Tex.App.-Fort Worth 2008, no pet.); see *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex.2002). When an arrest is made under a procedurally valid arrest warrant on the correct person named in the warrant, there can generally be no claim for false imprisonment. *Martinez v. English*, 267 S.W.3d 521, 529 (Tex.App.-Austin 2008, pet. denied) (reversing a jury's award on a false imprisonment claim because the plaintiff had challenged "the grounds on which the warrant was issued, not the warrant's facial validity"); *Avalos v. Mejia*, 788 S.W.2d 645, 646 (Tex.App.-Corpus Christi 1990, no writ); see *James v. Brown*, 637 S.W.2d 914, 918 (Tex.1982) (explaining that if "an arrest or detention is executed under process which is legally sufficient in form and duly issued by a court of competent jurisdiction, an action for false imprisonment will not lie"). To determine whether an arrest warrant is valid for false imprisonment purposes, a court must look "only to the form of the process by which the arrest warrant was made; [the court must] not determine, for example, whether probable cause existed to issue the warrant. If the warrant is valid on its face, [the court's] inquiry ends there." *Martinez*, 267 S.W.3d at 529 (citation omitted); see also *Wal-Mart Stores, Inc. v. Odem*, 929 S.W.2d 513, 519 (Tex.App.-San Antonio 1996, writ denied) (stating that in a false imprisonment case, the legal authority element is met "either by the procurement of an arrest warrant or by the showing of existence of probable cause") (emphasis added). Because a valid arrest warrant existed for Lenisha Parker's arrest, the false imprisonment claim fails.

10.    **Intentional Infliction of Emotional Stress.**   It is unknown from the pleadings whether Plaintiff is attempting to plead a claim for intentional infliction of emotional stress. If it is

3

Plaintiff's intent to plead this claim, the Plaintiff's claim fails. Because the "claim for intentional infliction of emotional distress is a ... state law claim," the Court is "bound to apply the law of Texas in determining" whether the claim survives a motion for dismissal. *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1142 (5th Cir. 1991). Texas recognizes "the tort of intentional infliction of emotional distress" and has "adopt[ed] the elements set forth in Restatement (Second) of Torts § 46 (1965)." *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993). Recovery under such tort requires proof of four elements: "1) the defendant acted intentionally or recklessly, 2) the conduct was 'extreme and outrageous,' 3) the actions of the defendant caused the ... emotional distress, and 4) the resulting emotional distress was severe." *Id.* (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)); accord *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). To survive a motion to dismiss, there must be sufficient factual allegations for each element.

11.     Plaintiff Parker fails to plausibly plead the second element. (ECF 64, ¶105). The conduct described by Plaintiff with regard to executing a warrant is not extreme and outrageous. "'Extreme and outrageous conduct' is an amorphous phrase that escapes precise definition." *Wilson*, 939 F.2d at 1142. Nevertheless, it is often stated that the conduct must have

> been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.... Generally, the case is one in which a recitation of the facts to an average member of the community would lead him to exclaim, "Outrageous."

*Id.* (quoting *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir. 1989)); accord *Wornick Co.*, 856 S.W.2d at 734. Because the execution of an arrest warrant does not amount to extreme and outrageous conduct, the Intentional Infliction of Emotional Stress claim fails and should be dismissed.

4

12.     **Plaintiff's Ultra Vires Claim Fails as a Matter of Law Because Defendant Price Acted Pursuant to a Valid Warrant.** Under Texas law, an ultra vires claim against a government official lies only where the official "acted without legal authority" or failed to perform a purely ministerial act. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). The doctrine is narrow: it does not apply to discretionary acts performed within the scope of an official's authority, and courts may not second-guess the exercise of official judgment. *Id*. at 372-73. Critically, "[a]n action is ultra vires only when it exceeds the bounds of an official's granted authority." *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 348 (Tex. 2019).

13.     Here, Deputy Price possessed a valid arrest warrant for Plaintiff at the time of her arrest. The existence of a facially valid warrant is dispositive. A law enforcement officer who executes a facially valid arrest warrant acts squarely within the authority granted by law—the Fourth Amendment, Texas Code of Criminal Procedure Article 15.16, and the terms of the warrant itself all authorize the arresting officer to take the subject into custody. Such conduct is the antithesis of ultra vires action.

14.     First, Plaintiff's false arrest claim has been dismissed, which forecloses relitigating whether lawful authority for the arrest existed. Second, Parker's non consent to the detention because she believed the warrant was not valid, and that Deputy Price abandon a lawfully authorized arrest, does not strip Deputy Price of his legal authority. The Deputy's authority derived from the issuing magistrate's order, not from Plaintiff's consent or acquiescence.

15.     Because the ultra vires doctrine requires action without legal authority, and because Deputy Price possessed legal authority in the form of a valid arrest warrant, Plaintiff's ultra vires claim fails as a matter of law and must be dismissed. See *Heinrich*, 284 S.W.3d at 372.

16.    **Civil Stalking Tex. Civ. Prac. & Rem. Code Chapter 85.**  To prevail on a statutory civil stalking claim, the claimant must show the following:

(1) on more than one occasion the defendant engaged in harassing behavior;

(2) as a result of the harassing behavior, the claimant reasonably feared for the claimant's safety or the safety of a member of the claimant's family; and

(3) the defendant violated a restraining order prohibiting harassing behavior or:

(A) the defendant, while engaged in harassing behavior, by acts or words threatened to inflict bodily injury on the claimant or to commit an offense against the claimant, a member of the claimant's family, or the claimant's property;

(B) the defendant had the apparent ability to carry out the threat;

(C) the defendant's apparent ability to carry out the threat caused the claimant to reasonably fear for the claimant's safety or the safety of a family member;

(D) the claimant at least once clearly demanded that the defendant stop the defendant's harassing behavior;

(E) after the demand to stop by the claimant, the defendant continued the harassing behavior; and

(F) the harassing behavior has been reported to the police as a stalking offense.

(b) The claimant must, as part of the proof of the behavior described by Subsection (a)(1), submit evidence other than evidence based on the claimant's own perceptions and beliefs.

17.    Tex. Civ. Prac. & Rem. Code § 85.003 (emphasis added). The statute defines "harassing behavior" as:

(4) "Harassing behavior" means conduct by the defendant directed specifically toward the claimant, including following the claimant, that is reasonably likely to harass, annoy,

alarm, abuse, torment, or embarrass the claimant.

18.    To establish an actionable invasion of privacy of the type Parker alleges—intrusion-upon-seclusion—a plaintiff must show (1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive[1] to a reasonable person. See *Moore v. Bushman*, 559 S.W.3d 645, 649 (Tex. App.–Houston [14th Dist.] 2018, no pet.). Courts also have required that the intrusion be unreasonable, unjustified, or unwarranted. *Household Credit Servs., Inc. v. Driscol*, 989 S.W.2d 72, 84 (Tex. App.–El Paso 1998, pet. denied).

19.    Plaintiff's Second Amended Complaint fails to adequately plead facts sufficient to satisfy these elements.

20.    First, Plaintiff fails to allege facts constituting a "course of conduct" sufficient under the statute. Conclusory allegations of "surveillance" and "stalking," are insufficient under *Iqbal* and *Twombly*. See *Twombly*, 550 U.S. at 555.

21.    Second, Plaintiff fails to allege facts establishing that Deputy Price knew or reasonably believed that his alleged conduct would be perceived as threatening bodily injury, death, or commission of an offense against Plaintiff. The civil stalking statute requires more than generalized allegations of unwanted contact or surveillance—it requires the defendant's subjective awareness that the conduct would be perceived as threatening. Plaintiff has alleged no facts supporting this element. (ECF 64, ¶¶ 115, 120).

22.    Third, Plaintiff's Second Amended Complaint fails to adequately allege that the Deputy's conduct caused her to experience fear of bodily injury or death, or that she suffered legally cognizable emotional distress. Formulaic recitation of statutory language is insufficient. See *Iqbal*,

---

[1] "Offensive" conduct is that which "causes displeasure, anger, or resentment[.]" Offensive, Black's Law Dictionary (12th ed. 2024).

556 U.S. at 678. Without well-pleaded factual allegations describing a specific, substantial emotional impact causally linked to identified conduct, this element is not adequately pleaded.

23. Fourth, Parker's pleading fails as to element 3(F). Parker does not allege that the harassing behavior was reported to the police as a stalking offense.

25. Because Plaintiff has failed to plead facts sufficient to establish any of the required statutory elements, her Texas civil stalking claim must be dismissed pursuant to Rule 12(b)(6).

**B.      Texas Tort Claims Act.**

26. The Texas Tort Claims Act ("TTCA"), Texas Civil Practice and Remedies Code § 101.057, waives sovereign immunity for some torts, but not for claims arising out of an intentional tort, and specifically not for claims "arising out of assault and battery, false imprisonment, or any other intentional tort." *Texas Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (emphasis added). See also *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir.1993).

27. Under the election-of-remedies provisions of the TTCA, a plaintiff who sues under the TTCA must elect between suing a governmental unit and suing an employee of that unit. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106; *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462 (5th Cir. 2010). If a plaintiff sues the governmental unit, the suit "constitutes an irrevocable election" by the plaintiff and "bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). The TTCA specifically provides that:

(e) If a suit is filed under this chapter against both a governmental unit and any of

8

its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id*. at § 101.106(e), (f) (emphasis added). "Although recognized as a harsh grant of immunity, [§ 101.106] serves the purpose of protecting government employees from individual liability for acts or omissions where a claim based upon the same facts is made against their employers." *Jackson v. Dallas Indep. Sch. Dist*., No. 3:98-CV-1079-D, 1999 WL 58846, at *5 (N.D. Tex. Feb. 1, 1999) (internal quotation marks and citation omitted), aff'd, 232 F.3d 210 (5th Cir. 2000) (unpublished table decision) (per curiam); accord *Dorward v. Ramirez*, 2009 WL 2777880, at *14 (citing *Jackson*, 1999 WL 58846, at *5). The election-of-remedies provisions in § 101.106 cover all state tort claims, whether intentional or negligent, and whether brought under common law or the TTCA. *Bustos*, 599 F.3d at 463–64.

28.     Plaintiff alleges claims that fall under the TTCA and state common law against governmental employees as well as against their employing governmental unit, regarding the same subject matter. By suing the County, Plaintiff has made an irrevocable election

of remedies and is barred from suing Defendant Kenneth Price regarding the same subject matter.

29.    Price is entitled to immunity under the Texas Tort Claims Act (TTCA) for his conduct in executing the arrest warrant and conducting the investigation. Under Texas law, police officers enforcing general laws perform a public duty and act within the scope of their employment, which provides immunity even if the officer violated internal policies or had ulterior motives. See *Frias v. Hernandez*, 142 F.4th 803 (5th Cir. 2025). The determination of whether an individual acted within the scope of employment calls for an objective assessment of whether the employee was doing his job when he committed the alleged tort, not his state of mind when doing it. *Id*. Price's arrest of Parker pursuant to a valid warrant, his investigative activities, and any reports or affidavits he prepared were all acts that only a police officer, not a private citizen, could undertake. These activities fall squarely within Price's duties as a law enforcement officer investigating criminal activity and enforcing general laws. The employee's state of mind, motives, and competency are irrelevant to the scope of employment analysis, and co-existing motivations do not remove an employee's actions from the scope of governmental employment so long as the conduct serves a purpose of the governmental employer. Under the election of remedies statute, the tort claims against Defendant Price must be dismissed with prejudice. See Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e).

**C.    Official Immunity for State Law Claims.**

30.    Further, government officials, such as Kenneth Price, are entitled to official immunity for (1) the performance of their discretionary duties (2) conducted within the

scope of their authority (3) provided they act in good faith. *Telthorster*, 92 S.W.3d at 461; *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). The nonmovant must show that "no reasonable official could have thought that the facts were such that they justified the official's conduct." *Chambers*, 883 S.W.2d at 657; *Kassen*, 887 S.W.2d at 9. Stated differently, the nonmovant must show that a public official in the same position "could not have reasonably reached the decision in question." *Chambers*, 883 S.W.2d at 657 n. 7. In other words, the focus is on whether a reasonable official in light of the information possessed by the defendants at the time they acted could have believed the actions were justified. *Ballantyne*, 144 S.W.3d at 426; *Wadewitz*, 951 S.W.2d at 467; *Chambers*, 883 S.W.2d at 656; *Rhodes v. Torres*, 901 S.W.2d 794, 800 (Tex.App.-Houston [14th Dist.] 1995, no writ). Because Plaintiff has pled no plausible facts to show that Kenneth Price did not perform his discretionary duties in good faith, he is entitled to official immunity on the state law claims.

**D.    Dismissal With Prejudice is Appropriate.**

31.    This Court should dismiss Plaintiff's remaining claims with prejudice. This is Plaintiff's Second Amended Complaint—Plaintiff has had multiple opportunities to cure pleading deficiencies and has failed to do so. The fundamental legal defect in the ultra vires claim is structural and incurable: Deputy Price possessed a valid arrest warrant, which conclusively establishes that he acted with legal authority. No amendment can cure that deficiency. Similarly, Plaintiff has had ample opportunity to marshal and plead specific facts in support of a civil stalking claim but has not done so. Granting further leave to amend would be futile and would subject Defendant to continued groundless

11

litigation. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend properly denied where amendment would be futile).

## V.   CONCLUSION

32.   For the foregoing reasons, Defendant Kenneth Price respectfully requests that this Court grant this Motion and dismiss Plaintiff's Second Amended Complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant such other and further relief as the Court deems just and proper.

Date: May 26, 2026.

Respectfully submitted,

By:   */s/ Gregory Burnett*
**GREGORY BURNETT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1010 Lamar, 11th Floor
Houston, Texas 77002

**ATTORNEYS FOR KENNETH PRICE**

12

## CERTIFICATE OF CONFERENCE

Counsel conferred in good faith with Plaintiff's Counsel on May 26, 2026 by email regarding this motion and Plaintiff's Counsel is opposed.

*/s/ Gregory Burnett*
GREGORY BURNETT

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Gregory Burnett*
GREGORY BURNETT