**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LENISHA J PARKER,**<br>***PLAINTIFF,*** | §<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.**<br>**4:25-cv-01075** |
| **V.** | §<br>§ | |
| **KENNETH D. PRICE A/K/A DANIEL PRICE,**<br>***DEFENDANTS,*** | §<br>§<br>§<br>§<br>§<br>§ | |

**PLAINTIFF'S FORMAL MOTION FOR REMAND OF THE CASE TO STATE COURT**

TO THE HONORABLE JUDGE KEITH P. ELLISON:

Plaintiff Lenisha J. Parker moves under 28 U.S.C. § 1447(c) to remand this removed action to the state court from which it was removed. This motion seeks remand only. It does not ask the Court to reconsider any prior merits ruling, adjudicate the sufficiency of the remaining state-law claims, or alternatively rule on Defendant Kenneth Price's pending motion to dismiss. The operative Second Amended Complaint, Dkt. 64, pleads only claims arising under Texas law and does not plead, incorporate, or reserve any federal cause of action. Under *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26, 30–33, 39 (2025), the Court no longer has federal-question or supplemental jurisdiction, and § 1447(c) requires remand.

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff originally filed this action in the 215th Judicial District Court of Harris County, Texas. The action was removed to this Court on March 11, 2025, based on federal claims then appearing in the state-court pleading. See Dkt. 1.

On April 20, 2026, the Court dismissed Plaintiff's claims concerning the arrest and search of her home, denied dismissal of the claims concerning alleged harassment and stalking, and ordered Plaintiff to file an amended complaint consistent with that ruling. Dkt. 62.

Plaintiff complied by filing the Second Amended Complaint on May 11, 2026. Dkt. 64. That pleading names Kenneth Price as the sole defendant and asserts only Texas-law claims identified as ultra vires conduct and civil stalking under Chapter 85 of the Texas Civil Practice and Remedies Code. It no longer contains any claims arising under the Constitution, laws, or treaties of the United States. Its reference to 28 U.S.C. § 1367(a) is derivative only and cannot itself supply original jurisdiction.

Defendant thereafter filed a Rule 12(b)(6) motion directed exclusively to the remaining Texas-law claims. Dkt. 66. Because subject-matter jurisdiction is absent under the operative pleading, the Court must resolve remand before reaching that merits motion.

## II. ISSUE PRESENTED AND STANDARD

Whether a federal court retains supplemental jurisdiction after a proper post-removal amended complaint eliminates all federal causes of action and leaves only state-law claims. Under *Royal Canin,* the answer is no.

Section 1447(c) provides that, if at any time before final judgment it appears that a removed case is outside the district court's subject-matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). *Royal Canin* holds that when an operative post-removal amendment eliminates the federal claims that enabled removal and leaves only state-law claims, supplemental jurisdiction disappears and remand is mandatory. 604 U.S. at 25–26, 30–33, 39.

## III. ARGUMENT

### *A. The Second Amended Complaint is the operative pleading, and it contains only Texas-law claims.*

Jurisdiction follows the operative pleading. Royal Canin explains that, after a plaintiff amends following removal, the federal court determines jurisdiction from the new complaint because the amended pleading supersedes the prior pleading. 604 U.S. at 30, 35. The superseded complaints therefore cannot continue supplying a federal jurisdictional anchor that the operative complaint no longer contains.

Dkt. 64 is a proper, court-authorized amendment. It was filed in direct compliance with the April 20, 2026 Order and now governs the action. Dkt. 62; Dkt. 64. It pleads only claims under Texas law. Plaintiff does not ask to litigate any federal cause of action in this case. The suit, as configured by the operative pleading, is exclusively a state-law action.

***B. Royal Canin eliminates supplemental jurisdiction under § 1367(a); this is not a discretionary § 1367(c) question.***

Section 1367(a) permits supplemental jurisdiction only over claims related to claims that remain within the district court's original jurisdiction. Once the operative pleading contains no federal claim, the state claims are supplemental to nothing. *Royal Canin* therefore holds that there is "no discretion to decline supplemental jurisdiction" in this posture because "there is no supplemental jurisdiction at all." 604 U.S. at 33.

The fact that the Court first dismissed the federal claims does not alter the analysis after Plaintiff filed Dkt. 64. *Royal Canin* distinguishes a case in which federal claims have merely been dismissed and remain capable of appellate revival from one in which the plaintiff has excised them through a proper amendment. *Id.* Here, the Court ordered an amended pleading, Plaintiff filed it, and the superseding pleading contains no federal cause of action. Dkt. 62; Dkt. 64. The case therefore falls within Royal Canin's amendment rule, not merely the discretionary framework of § 1367(c)(3).

Nor does Dkt. 64's reference to § 1367(a) preserve jurisdiction. Supplemental jurisdiction is derivative; it is not an independent source of original jurisdiction. Without a claim arising under federal law, and with no diversity basis pleaded or otherwise apparent, § 1367(a) supplies no authority to adjudicate the remaining Texas-law claims.

***C. Section 1447(c) requires remand without a merits ruling on the pending state-law motion to dismiss.***

*Royal Canin* states the consequence directly: after the federal claims are removed through amendment, "the operative pleading no longer supports federal jurisdiction, and the

federal court must remand the case to the state court where it started." 604 U.S. at 39. Section 1447(c) likewise commands remand whenever, before final judgment, the Court determines that subject-matter jurisdiction is lacking.

Because this Court should not only deny supplemental jurisdiction it lacks statutory authority to adjudicate the operative state-law-only action, it should not decide whether the Texas ultra vires or Chapter 85 allegations state a claim, whether Texas immunity doctrines apply, or whether amendment would be futile. Those are merits issues for the state court after remand. The proper disposition is to remand the entire action without reaching Defendant's pending Rule 12(b)(6) motion.

## IV. CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court grant this motion, remand this entire action to the 215th Judicial District Court of Harris County, Texas, without reaching the merits of Defendant's pending motion to dismiss, direct the Clerk to mail a certified copy of the remand order to the state-court clerk as required by 28 U.S.C. § 1447(c), and grant no further or different relief.

Respectfully submitted,
By: /s/ U.A. Lewis
U.A. Lewis
SBN: 24076511
FBN: 1645666
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
F: (713) 581-1017
myattorneyatlaw@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system on July 25, 2026.

/s/ U.A. Lewis

U.A. Lewis